TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00676-CR







Darryl Scott Elliott, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 542434, HONORABLE FRED MOORE, JUDGE PRESIDING








 Appellant Darryl Scott Elliott appeals his conviction for his second offense of driving
while intoxicated (DWI). See Tex. Pen. Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 2001). 
Following a bench trial, appellant was found guilty, sentenced to imprisonment for one hundred
eighty days, and fined $3,000. The trial court suspended the imposition of the sentence, requiring
appellant to serve only thirty days of the confinement and pay only $1,000 of the fine. The trial court
also placed appellant under community supervision for two years, instructed him to enter an alcohol
awareness program, suspended his driver's license for one year, and placed him in the ignition
interlock program for the duration of the suspension. On appeal, appellant challenges the trial court's
failure to suppress evidence and the sufficiency of the evidence. We will overrule these complaints
and affirm the conviction.


Background On September 29, 1999, appellant was stopped for speeding by Austin Police
Department Officer Stephen Ramsey. Appellant failed several field sobriety tests and refused to take
a breath test. Officer Ramsey arrested him for driving while intoxicated, and the case proceeded to
a bench trial. 

 At trial, Officer Ramsey testified to his reasons for stopping appellant, as well as the
basis of his suspicion that appellant was intoxicated. Ramsey stated that he stopped both appellant
and a second vehicle for speeding. Ramsey ticketed and released the second offender but chose to
detain appellant after detecting the scent of alcohol on his breath. He also observed that appellant
had red, bloodshot, and watery eyes, slurred speech, and that appellant swayed while standing
outside of his car.

 Ramsey performed three tests to determine whether appellant was intoxicated. He
first administered the horizontal gaze nystagmus (HGN) test, noting that appellant scored a six out
of six, indicating a blood alcohol level in excess of the legal limit. Ramsey also administered the
"walk and turn" test and the "one leg stand" test. Appellant lost his balance several times while
attempting both of these tests, prompting the officer to place him under arrest.

 Following Ramsey's testimony, appellant testified in his own behalf. He related a
different version of events, claiming he was not speeding at the time he was stopped. He said the
second car came up behind him and was speeding past him when the officer pulled out to follow
them and stopped both cars. Appellant admitted he had been at a bar with friends that night. He 
stated that he had consumed two or three beers, along with a number of straight tonics with lime, 
drinks he asserted contained no alcohol. In spite of his alcohol consumption, appellant insisted he
was not intoxicated at the time of the arrest. Additionally, appellant believed he successfully
performed the field sobriety tests, blaming any lack of balance demonstrated during the tests on a
laundry list of past injuries suffered in vehicular accidents which, according to appellant's medical
records, occurred several years earlier. (1)

 After hearing all the evidence, the judge found appellant guilty of the offense charged. 
Appellant timely filed this appeal.


DiscussionSuppression of Evidence 

 Appellant first contends that the trial court erred in failing to suppress the fruits of
a warrantless search. Appellant claims that Officer Ramsey did not have the requisite reasonable
suspicion to stop appellant. Specifically, appellant claims Ramsey's radar reading was inaccurate,
that he had no way of knowing which of the two vehicles was speeding, and thus, he had no reason
to stop appellant. 

 The appropriate standard of review for a suppression ruling is bifurcated review,
giving almost total deference to the trial court's findings of fact, but conducting a de novo review
of the court's application of law to those facts. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000) (citing Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); Guzman v. State,
955 S.W.2d 85, 88-89 (Tex. Crim. App. 1999). 

 A police officer may stop and briefly detain an individual whom he suspects of
criminal behavior as long as the officer has a "reasonable suspicion that some activity out of the
ordinary is occurring or has occurred, some suggestion to connect the detainee with unusual activity,
and some indication the unusual activity is related to crime." Terry v. Ohio, 392 U.S. 1, 22-26
(1968); Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). Accordingly, a police officer
may lawfully stop and detain a person for a traffic violation as long as the officer has a reasonable
basis for suspecting an offense has been committed. Whren v. United States, 517 U.S. 806, 810
(1996); McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992). In order for the stop to be lawful, the officer must
articulate specific facts which, in light of his experience and personal knowledge, together with
inferences from those facts, would reasonably warrant the intrusion on the freedom of the person
detained for investigation. Terry, 392 U.S. at 30; Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim.
App. 1997); Comer v. State, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986).

 Officer Ramsey initially stopped appellant because he observed appellant speeding,
a traffic violation under Texas law. See Tex. Trans. Code Ann. § 545.351 (West Supp. 2001). The
traffic violation, standing alone, is enough to justify the officer's stopping and detaining of appellant
under the reasonable suspicion standard. Terry, 392 U.S. at 30; Woods, 956 S.W.2d at 38.

 Appellant, however, argues Officer Ramsey was not certain of the fact that appellant
was speeding and, therefore, lacked the reasonable suspicion necessary to make the stop lawful. A
radar gun, appellant urges, is imprecise and could easily have given an inaccurate reading, displaying
the second offender's speed or even the speed of oncoming traffic. Notwithstanding appellant's
reasoning, a police officer does not have to know the exact speed at which an automobile is traveling
in order to make a stop for a traffic violation. Dillard v. State, 550 S.W.2d 45, 53 (Tex. Crim. App.
1977). A speed in excess of the set limits is prima facie evidence that the speed is unreasonable,
imprudent, and therefore unlawful. Tex. Trans. Code Ann. § 545.352(a) (West Supp. 2001). At the
time of appellant's arrest, Officer Ramsey had served as a patrol officer for over seven and one-half
years, working in Austin for over five years. Based on his experience and personal knowledge,
Ramsey stated he was able to determine that appellant and the second vehicle both appeared to be
traveling in excess of the posted speed limit of forty miles per hour. See Terry, 392 U.S. at 30. The
officer observed both cars traveling side by side, an indication that they were maintaining the same
speed. Ramsey clocked the parallel vehicles at fifty-seven miles per hour immediately preceding 
the traffic stop. Accordingly, Ramsey articulated facts showing that he had reasonable suspicion to
stop appellant. Appellant's first point of error is overruled. 


Legal Sufficiency

 Appellant's second point of error complains that the evidence is legally insufficient
to support his conviction. In determining legal sufficiency of evidence used to support a criminal
conviction, we view the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex.
Crim. App. 1994). On appeal, this Court does not re-evaluate the weight and credibility of the
evidence, but assesses only whether the trier of fact reached a rational decision. Markey v. State, 996
S.W.2d 226, 229 (Tex. App.--Houston [14th Dist.] 1999, no pet.); see Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993). Any inconsistencies in the evidence should be resolved in favor
of the verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 A person commits the offense of driving while intoxicated if the person is intoxicated
while operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (West Supp.
2001). The Texas Penal Code defines intoxication as:


(A) not having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into the
body; or


(B) having an alcohol concentration of 0.08 or more.



Tex. Pen. Code Ann. § 49.01(2) (West Supp. 2001). Because appellant refused to submit to any
scientific means of determining his blood alcohol level, the state relied on the "impaired faculties"
definition. We must consider Officer Ramsey's observations made in light of his experience and
personal knowledge. Taking into account the officer's description of appellant's bloodshot eyes,
slurred speech, unstable posture, and the odor of alcohol on his breath, along with the officer's
observations of appellant's actions at the time of the stop, a reasonable trier of fact could have
concluded appellant was intoxicated at the time of his arrest and that appellant's inability to perform
the field sobriety tests reflected his impaired faculties as a result of this condition. We hold that the
evidence is legally sufficient to support appellant's conviction.


Factual Sufficiency

 Appellant also claims the evidence was factually insufficient to support his DWI
conviction. When conducting a factual sufficiency review, we do not view the evidence in the light
most favorable to the verdict, but, instead, consider all evidence in a neutral light. Johnson v. State,
23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). We do not, however, substitute our judgment for that of
the trier of fact and will set aside a verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Applying this standard of review to the facts before us, we cannot say that the verdict is
patently unjust or wrong. Because the evidence is both legally and factually sufficient to support
appellant's conviction, his second point of error is overruled.


Conclusion We overrule appellant's two points of error and affirm the conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: 

Do Not Publish

1. Appellant also claims to have suffered a concussion from a motorcycle accident in 1998
but failed to produce any medical records relating to this accident. In fact, although the record is
unclear, the last medical record provided to the prosecution appears to have been dated 1991.