# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============

## NO. 03-00-00676-CR

===============

**Darryl Scott Elliott, Appellant**

**v.**

**The State of Texas, Appellee**

=====================================================================

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 542434, HONORABLE FRED MOORE, JUDGE PRESIDING

=====================================================================

Appellant Darryl Scott Elliott appeals his conviction for his second offense of driving while intoxicated (DWI). *See* Tex. Pen. Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 2001). Following a bench trial, appellant was found guilty, sentenced to imprisonment for one hundred eighty days, and fined $3,000. The trial court suspended the imposition of the sentence, requiring appellant to serve only thirty days of the confinement and pay only $1,000 of the fine. The trial court also placed appellant under community supervision for two years, instructed him to enter an alcohol awareness program, suspended his driver's license for one year, and placed him in the ignition interlock program for the duration of the suspension. On appeal, appellant challenges the trial court's failure to suppress evidence and the sufficiency of the evidence. We will overrule these complaints and affirm the conviction.

**Background**

On September 29, 1999, appellant was stopped for speeding by Austin Police Department Officer Stephen Ramsey. Appellant failed several field sobriety tests and refused to take a breath test. Officer Ramsey arrested him for driving while intoxicated, and the case proceeded to a bench trial.

At trial, Officer Ramsey testified to his reasons for stopping appellant, as well as the basis of his suspicion that appellant was intoxicated. Ramsey stated that he stopped both appellant and a second vehicle for speeding. Ramsey ticketed and released the second offender but chose to detain appellant after detecting the scent of alcohol on his breath. He also observed that appellant had red, bloodshot, and watery eyes, slurred speech, and that appellant swayed while standing outside of his car.

Ramsey performed three tests to determine whether appellant was intoxicated. He first administered the horizontal gaze nystagmus (HGN) test, noting that appellant scored a six out of six, indicating a blood alcohol level in excess of the legal limit. Ramsey also administered the "walk and turn" test and the "one leg stand" test. Appellant lost his balance several times while attempting both of these tests, prompting the officer to place him under arrest.

Following Ramsey's testimony, appellant testified in his own behalf. He related a different version of events, claiming he was not speeding at the time he was stopped. He said the second car came up behind him and was speeding past him when the officer pulled out to follow them and stopped both cars. Appellant admitted he had been at a bar with friends that night. He stated that he had consumed two or three beers, along with a number of straight tonics with lime, drinks

he asserted contained no alcohol. In spite of his alcohol consumption, appellant insisted he was not intoxicated at the time of the arrest. Additionally, appellant believed he successfully performed the field sobriety tests, blaming any lack of balance demonstrated during the tests on a laundry list of past injuries suffered in vehicular accidents which, according to appellant's medical records, occurred several years earlier.[1]

After hearing all the evidence, the judge found appellant guilty of the offense charged. Appellant timely filed this appeal.

## Discussion

### *Suppression of Evidence*

Appellant first contends that the trial court erred in failing to suppress the fruits of a warrantless search. Appellant claims that Officer Ramsey did not have the requisite reasonable suspicion to stop appellant. Specifically, appellant claims Ramsey's radar reading was inaccurate, that he had no way of knowing which of the two vehicles was speeding, and thus, he had no reason to stop appellant.

The appropriate standard of review for a suppression ruling is bifurcated review, giving almost total deference to the trial court's findings of fact, but conducting a de novo review of the court's application of law to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App.

---

[1] Appellant also claims to have suffered a concussion from a motorcycle accident in 1998 but failed to produce any medical records relating to this accident. In fact, although the record is unclear, the last medical record provided to the prosecution appears to have been dated 1991.

2000) (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1999).

A police officer may stop and briefly detain an individual whom he suspects of criminal behavior as long as the officer has a "reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with unusual activity, and some indication the unusual activity is related to crime." *Terry v. Ohio,* 392 U.S. 1, 22-26 (1968); *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). Accordingly, a police officer may lawfully stop and detain a person for a traffic violation as long as the officer has a reasonable basis for suspecting an offense has been committed. *Whren v. United States*, 517 U.S. 806, 810 (1996); *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In order for the stop to be lawful, the officer must articulate specific facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the person detained for investigation. *Terry*, 392 U.S. at 30; *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *Comer v. State*, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986).

Officer Ramsey initially stopped appellant because he observed appellant speeding, a traffic violation under Texas law. *See* Tex. Trans. Code Ann. § 545.351 (West Supp. 2001). The traffic violation, standing alone, is enough to justify the officer's stopping and detaining of appellant under the reasonable suspicion standard. *Terry,* 392 U.S. at 30; *Woods,* 956 S.W.2d at 38.

Appellant, however, argues Officer Ramsey was not certain of the fact that appellant was speeding and, therefore, lacked the reasonable suspicion necessary to make the stop lawful. A

4

radar gun, appellant urges, is imprecise and could easily have given an inaccurate reading, displaying the second offender's speed or even the speed of oncoming traffic. Notwithstanding appellant's reasoning, a police officer does not have to know the exact speed at which an automobile is traveling in order to make a stop for a traffic violation. *Dillard v. State,* 550 S.W.2d 45, 53 (Tex. Crim. App. 1977). A speed in excess of the set limits is prima facie evidence that the speed is unreasonable, imprudent, and therefore unlawful. Tex. Trans. Code Ann. § 545.352(a) (West Supp. 2001). At the time of appellant's arrest, Officer Ramsey had served as a patrol officer for over seven and one-half years, working in Austin for over five years. Based on his experience and personal knowledge, Ramsey stated he was able to determine that appellant and the second vehicle both appeared to be traveling in excess of the posted speed limit of forty miles per hour. *See Terry*, 392 U.S. at 30. The officer observed both cars traveling side by side, an indication that they were maintaining the same speed. Ramsey clocked the parallel vehicles at fifty-seven miles per hour immediately preceding the traffic stop. Accordingly, Ramsey articulated facts showing that he had reasonable suspicion to stop appellant. Appellant's first point of error is overruled.

### *Legal Sufficiency*

Appellant's second point of error complains that the evidence is legally insufficient to support his conviction. In determining legal sufficiency of evidence used to support a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Staley v. State,* 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). On appeal, this Court does not re-evaluate the weight and credibility of the evidence,

but assesses only whether the trier of fact reached a rational decision. *Markey v. State*, 996 S.W.2d 226, 229 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2001). The Texas Penal Code defines intoxication as:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
>
> (B) having an alcohol concentration of 0.08 or more.

Tex. Pen. Code Ann. § 49.01(2) (West Supp. 2001). Because appellant refused to submit to any scientific means of determining his blood alcohol level, the state relied on the "impaired faculties" definition. We must consider Officer Ramsey's observations made in light of his experience and personal knowledge. Taking into account the officer's description of appellant's bloodshot eyes, slurred speech, unstable posture, and the odor of alcohol on his breath, along with the officer's observations of appellant's actions at the time of the stop, a reasonable trier of fact could have concluded appellant was intoxicated at the time of his arrest and that appellant's inability to perform the field sobriety tests reflected his impaired faculties as a result of this condition. We hold that the evidence is legally sufficient to support appellant's conviction.

6

*Factual Sufficiency*

Appellant also claims the evidence was factually insufficient to support his DWI conviction. When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict, but, instead, consider all evidence in a neutral light. *Johnson v. State,* 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). We do not, however, substitute our judgment for that of the trier of fact and will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Applying this standard of review to the facts before us, we cannot say that the verdict is patently unjust or wrong. Because the evidence is both legally and factually sufficient to support appellant's conviction, his second point of error is overruled.

## Conclusion

We overrule appellant's two points of error and affirm the conviction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:

Do Not Publish

7