**Craig Oliver MARKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–96–00570–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 11, 1999.

---

Walter Pink, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Chief Justice
MURPHY and Justices ANDERSON and
HUDSON.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Craig Oliver Markey, was charged by information with driving while intoxicated. He was found guilty by a jury, and he subsequently admitted that he had been previously convicted of driving while intoxicated as alleged in the enhancement paragraph. Accordingly, the trial court suspended appellant's driving privileges for one year and sentenced him to serve 90 days in the Harris County Jail. In four points of error, appellant claims (1) the trial court erred in admitting evidence derived from an unlawful arrest, (2) the evidence was insufficient to support the conviction, (3) the trial court erred in failing to submit an issue to the jury on the legality of appellant's arrest, and (4) the trial court abused its discretion by admitting a visual aid into evidence. We affirm.

On the evening of October 8, 1995, appellant went fishing and, while so engaged, consumed alcoholic beverages. When he attempted to return home, appellant discovered that his car battery was depleted. With the assistance of his brother, appellant obtained a "jump," started his vehicle, and proceeded home.

A little after 9:00 p.m., Officer Robert Myers of the Pasadena Police Department observed appellant driving well below the speed limit with his brake lights on. When he stopped at the next intersection, appellant turned on his left turn indicator, waited for ten to fifteen seconds when there was no cross-traffic, and then proceeded to make a right turn. Officer Myers followed appellant and noticed he was weaving slightly and continuing to drive at approximately sixteen miles-per-hour. Suspecting appellant might be intoxicated, Officer Myers effected a traffic stop.

As Officer Myers questioned appellant, he noticed appellant had trouble finding his driver's license, was speaking loudly, had watery eyes, and appeared off balance when exiting his car. When asked to per-

form field sobriety tests, appellant refused stating he was tired of being harassed and hassled. At this point, Officer Myers arrested appellant for driving while intoxicated and placed him in the backseat of the patrol car. While appellant's car was being towed, appellant repeatedly mumbled "evil against evil", and called Officer Myers a "f——ing Jew bitch." While appellant was being transported to the police station, Officer Myers detected the odor of alcohol. Upon their arrival, appellant remained upset and uncooperative. He refused to answer any questions or submit to any tests.

■■■ In his first point of error, appellant asserts there was insufficient probable cause to justify his arrest and the trial court erred in refusing to exclude all evidence acquired by the unlawful arrest. Probable cause exists when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that, more likely than not, a particular suspect has committed an offense. *See Hughes v. State,* 878 S.W.2d 142, 154 (Tex.Crim.App.1992). Here, Officer Myers observed appellant make a right turn while his left turn signal indicator was on. This conduct constitutes a criminal offense. *See* Tex. Transp. Code Ann. §§ 542.401 & 545.104 (Pamph.1999). Accordingly, the traffic stop was supported by probable cause. After viewing appellant's demeanor, we find the officer was also justified in reasonably believing he was intoxicated. Appellant's first point of error is overruled.

■■■ In his second point of error, appellant complains the evidence is insufficient to sustain his conviction. However, appellant does not specify whether his challenge is directed toward the legal or factual sufficiency of the evidence. A general challenge to the sufficiency of the evidence does not raise, as a matter of course, an issue of factual sufficiency in criminal cases. *See Martinets v. State,*

884 S.W.2d 185, 189 (Tex.App.-Austin 1994, no pet.) (opinion on reh'g). However, because appellant makes reference in his brief to *Perkins v. State,* 940 S.W.2d 365 (Tex.App.-Waco 1997, pet. granted), a case dealing with factual sufficiency, we will review the evidence for both legal and factual sufficiency.

When reviewing the legal sufficiency of the evidence, this Court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). This same standard applies to cases involving both direct and circumstantial evidence. *See Geesa v. State,* 820 S.W.2d 154, 161 (Tex.Crim.App.1991). On appeal, this Court does not re-evaluate the weight and credibility of the evidence, but will assess only whether the jury reached a rational decision. *See Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993). In conducting a factual sufficiency review, this Court views all the evidence without the prism of "in the light most favorable to the prosecution" and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

In defining the offense of driving while intoxicated, the legislature has stated that the term "intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B) having an alcohol concentration of 0.10 or more.

Tex. Penal Code Ann. § 49.01(2) (Vernon 1994). Since appellant did not submit to

any scientific means of determining his level of alleged intoxication, the State's theory of prosecution was that he had lost the normal use of his mental or physical faculties as set forth in Section 49.01(2)(A).

At trial, appellant testified he was driving slowly because his car was not running well and he activated his left turn signal light in an effort to indicate to Officer Myers, who was following appellant's vehicle, that he should go around him.[1] Appellant also contends the video tape taken at the police station fails to demonstrate any symptoms of intoxication.[2] Thus, appellant contends the evidence is insufficient because the State did not "exclude every reasonable hypothesis of innocence." As authority for his position, appellant refers us to a decision of the Louisiana Court of Appeals. See State v. Hinds, 530 So.2d 2 (La.App.1988). Texas, however, has expressly rejected the "reasonable hypothesis of innocence analytical construct" for weighing the sufficiency of circumstantial evidence. See Geesa v. State, 820 S.W.2d 154, 155 (Tex.Crim.App.1991).

■ In light of Officer Myers observations, we find the jury could have rationally concluded appellant was intoxicated. Appellant's peculiar manner of driving, inability to find his license, difficulty in getting out of the car, loud voice, cursing, glassy eyes, smell of alcohol once in the patrol car, and nonsensical statements all suggest his mental and physical faculties were impaired. See, e.g., Kennedy v. State, 797 S.W.2d 695 (Tex.App.-Houston [1 st Dist.] 1990, no pet.) (evidence of intoxication was sufficient where officer observed defendant had red glassy eyes, slurred speech, and a strong odor of alcohol on his breath); State v. Savage, 905 S.W.2d 272, 274 (Tex.App.-San Antonio 1995), aff'd, 933 S.W.2d 497 (Tex.Crim. App.1996) (officers' testimony about a re-

cent puddle of water beneath appellant's car and appellant's poor performance on field sobriety tests was sufficient evidence to support conviction). The jury is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of the testimony of the parties. See Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). We find the evidence sufficient to support the conviction. Point of error two is overruled.

■ In his third point of error, appellant challenges the trial court's refusal to give an instruction on the legality of his arrest pursuant to TEX.CODE CRIM. PROC. ANN. Art. 38.23 (Vernon Supp.1998). When there are fact issues regarding the admissibility of evidence, the court must, at the defendant's request, instruct the jury to disregard the evidence if it believes or has a reasonable doubt that such evidence was obtained illegally. See id.; see also Atkinson v. State, 923 S.W.2d 21, 23 (Tex.Crim.App.1996) (interpreting the meaning of 38.23); Kercho v. State, 948 S.W.2d 34, 36 (Tex.App.-Houston [14 th Dist.] 1997, pet. ref'd) (trial court did not err in refusing instruction because there was no genuine fact issue about how the evidence was obtained).

■ The question presented here is, whether under the particular facts of this case, an issue has been raised by the evidence so as to require a jury instruction on the legality of the traffic stop. Appellant argues that since he was not speeding, Officer Myers was not entitled to stop him. Appellant claims this creates a factual dispute. However, the stop was not initiated in this case because appellant was allegedly speeding. Rather, appellant was stopped because his manner of driving was very suspicious and specifically violated

---

1. It is a misdemeanor offense for the operator of a motor vehicle to use his turn signal indicators "as a courtesy or 'do pass' signal to the operator of another vehicle approaching from the rear." TEX. TRANSP. CODE ANN. § 545.104(c) (Pamph.1999).

2. Appellant refused to perform any field sobriety tests.

Section 545.104 of the Transportation Code. While appellant attempted to explain his unusual manner of driving, he did not dispute it. Accordingly, there is no factual dispute concerning the facts giving rise to the probable cause. Where, as here, there are no controverted facts, appellant is not entitled to an instruction under Article 38.23. *See Jordan v. State,* 562 S.W.2d 472 (Tex.Crim.App.1978). Appellant's third point of error is overruled.

■ In his fourth point of error, appellant claims the trial court abused its discretion in allowing the State to submit a visual aid into evidence. As Officer Myers recounted the various symptoms of intoxication which appellant possessed at the time of his arrest, the State's attorney began to list and record these descriptors on a chart in front of the jury. When the State later offered the chart into evidence, appellant objected on the basis that the chart was a rendition of Officer Myers' testimony. The objection was overruled, and the chart was permitted into evidence.

■ It is well established that the trial court has the discretion to permit the use of visual aids and charts in the summarizing of evidence. *See Strong v. State,* 805 S.W.2d 478, 485 (Tex.App.-Tyler 1990, pet. ref'd); *Gibbons v. State,* 794 S.W.2d 887, 893 (Tex.App.-Tyler 1990, no pet.); *Bobo v. State,* 757 S.W.2d 58, 64 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989); *Vera v. State,* 709 S.W.2d 681, 687 (Tex.App.-San Antonio 1986, pet. ref'd). Here, however, the chart was not used merely in argument, but was actually admitted into evidence. We fail to see how the chart prepared by the state's attorney has any probative value.

■ For evidence to be admissible it must be relevant. *See* TEX.R. EVID. 402. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* TEX.R. EVID. 401. Thus, charts, graphs, maps, diagrams, or other exhibits prepared for courtroom use which clarify or illustrate some fact in issue may, in the trial court's discretion, be admitted into evidence. *Compare Marras v. State,* 741 S.W.2d 395, 404–05 (Tex.Crim.App.1987), *overruled on other grounds,* 851 S.W.2d 853, 860 (1993) (videotaped re-enactment of the defendant's flight from the crime scene was admissible); *Uniroyal Goodrich Tire Co. v. Martinez,* 928 S.W.2d 64, 74 (Tex.App.-San Antonio 1995), *aff'd,* 977 S.W.2d 328) (Tex.1998) (trial court did not abuse its discretion in admitting time line prepared by witness to illustrate the sequence of events to which he had already testified); *Mayfield v. State,* 848 S.W.2d 816, 819 (Tex.App.-Corpus Christi 1993, pet. ref'd) (diagram of a school prepared by the prosecutor and authenticated by the witness was admissible in evidence). However, a mere summary of other evidence already before the jury constitutes no proof of any fact in issue: It has no inherent probative value and it can rarely provide any significant assistance to the trier-of-fact.[3] The summary presented in this case was, in essence, an argument, and the trial court

---

3. We are aware that in some cases a summary of the contents of voluminous writings may be offered in evidence. *See* TEX.R. EVID. 1006. In such instances, however, the summary is offered in lieu of the voluminous writings. In other words, the summary becomes the evidence of the fact sought to be proved. Moreover, there is some authority that in highly technical or complex cases, a summary of the evidence may be admissible in evidence to aid the jury in organizing the data. *See Speier v. Webster College,* 616 S.W.2d 617, (Tex.1981) (chart summarizing 66 damage issues was admissible in evidence to aid the jury in recalling the testimony)

Here, however, the fact sought to be proved was that appellant had lost the normal use of his mental and physical faculties. While the testimony of Officer Myers regarding his observations constitutes some proof of this fact, the chart summarizing his testimony is simply a reiteration of the evidence and does not itself constitute proof of intoxication.

erred in admitting it into evidence. *See Wheatfall v. State,* 882 S.W.2d 829, 839 (Tex.Crim.App.1994) (holding that the admission of prosecutor's summary of other evidence was "clearly error"); *but see Barnes v. State,* 797 S.W.2d 353, 357 (Tex. App.-Tyler 1990, no pet.) (containing dicta that if the evidence summarized by charts is admissible, admission of summary charts into evidence, and their use before the jury, is within the discretion of the trial court, citing *Speier* ).

Appellant, however, does not contend that the summary of Officer Myers' testimony was erroneous or misleading. It was prepared in the jury's presence as Officer Myers recited the various symptoms of intoxication observed by him, and the jury was able to accept or reject the prosecutor's characterization of the testimony as it occurred. Under these circumstances, the admission of the prosecutor's chart was harmless beyond any reasonable doubt. *See Wheatfall,* 882 S.W.2d at 839 (prosecutor's five-page summary was harmless beyond a reasonable doubt where underlying evidence from which summary was drawn had been admitted in evidence). Accordingly, while the admission of the summary was error, we do not find it to be reversible error. Appellant's fourth point of error is overruled, and the judgment of the trial court is affirmed.