NUMBER 13-02-474-CR

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI-EDINBURG 
                                                                                                                      

SANDRO BALADEZ,                                        Appellant,

v.

THE STATE OF TEXAS, Appellee.
                                                                                                                      

On appeal from the 24th District Court 
of Jackson County, Texas.
                                                                                                                      

 MEMORANDUM OPINION




    Before Chief Justice Valdez and Justices Rodriguez and Castillo
Opinion by Chief Justice Rogelio Valdez
         A jury found appellant, Sandro Baladez, guilty of murder, sentenced him to
imprisonment for ninety-nine years, and fined him $10,000.00. By a single issue,
appellant argues that the evidence is insufficient to sustain a conviction for murder
because insufficient proof exists to establish that he committed the underlying felony
of unauthorized use of a motor vehicle. See Tex. Pen. Code Ann. § 19.02(b)(3)
(Vernon 2003)( a person commits felony murder if he “commits or attempts to
commit a felony, other than manslaughter, and in the course of and furtherance of the
commission or attempt, or in immediate flight from the commission or attempt, he
commits or attempts to commit an act clearly dangerous to human life that causes the
death of an individual”).
         We affirm.
Standard of Review
         Appellant does not specify whether his challenge on appeal is directed toward
the legal or factual sufficiency of the evidence. A general challenge to the sufficiency
of the evidence does not raise, as a matter of course, an issue of factual sufficiency
in criminal cases. See Markey v. State, 996 S.W.2d 226, 229 (Tex. App.–Houston
[14th Dist.] 1999, no pet.); Marinets v. State, 884 S.W.2d 185, 189 (Tex.
App.–Austin 1994, no pet.). However, appellant’s requested relief related to this
issue is reversal and remand for a new trial. Such relief is consonant with a factual
sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133-135 (Tex. Crim.
App. 1996) (court will reverse and render if evidence is legally insufficient; court will
reverse and remand if evidence is factually insufficient). We will thus review the
evidence under both legal and factual sufficiency standards.  
         A legal sufficiency review calls upon the reviewing court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000) (en banc); Jackson v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000). The sufficiency of the evidence is measured by the elements of the
offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This hypothetically correct
charge is one that accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State’s burden of proof or unnecessarily restrict the
State’s theories of liability, and adequately describes the particular offense for which
the defendant was tried. Id. 
         In contrast, a factual sufficiency review dictates that the evidence be viewed
in a neutral light, favoring neither party. See Johnson, 23 S.W.3d at 7 (citing Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996)). In conducting a factual
sufficiency review, the reviewing court asks whether a neutral review of all of the
evidence, both for and against the jury’s finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. at 11. The standard of review in a circumstantial evidence case is the same
as in a direct evidence case. King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995).
Background
         On December 4, 2000, appellant was driving a 1986 Toyota Camry when he
was pulled over by Trooper Tim Nielsen for exceeding the speed limit and for having
a window-tint violation. Nielsen approached the Camry and spoke to appellant, then
walked back to his vehicle to receive a radio report on the Camry. Appellant fled the
scene at a high rate of speed. Nielsen followed in his vehicle. Appellant sped through
a red light and struck a vehicle driven by Eric Estrada. Hunter Estrada, an infant
passenger in Estrada’s vehicle, was ejected and killed as a result of the collision. 
Nielsen testified that prior to the accident, appellant was in immediate flight from the
commission of the offense of unauthorized use of a motor vehicle.
         Appellant did not own the Camry he was driving at the time of the incident. 
The evidence at trial showed that the vehicle was owned by Stewart Barber,
appellant’s former employer, who was deceased at the time of trial. During appellant’s
employment with Barber, Barber gave appellant a set of keys to the Camry and
allowed him to drive it for work as well as personal errands. When appellant left
Barber’s employment, Barber did not ask appellant to return the keys to the Camry. 
         On November 28, 2000, less than a week before the accident at issue, Barber
called the police and reported that the Camry had been stolen from his residence. 
Barber could not locate the keys to the vehicle, and he informed the police that no one
had permission to take the Camry. Following this report and interview with Barber,
the police registered the Camry as a stolen vehicle. The accident at issue occurred
less than a week later.
         At the emergency room immediately following the accident, appellant told Dr.
Faisal Pirzada that he was driving the Camry at the time of the accident, but that he
was innocent and the Camry had been stolen by his partner, the passenger in the car
with him at the time of the incident. 
Analysis
         Appellant argues that the evidence is insufficient to support a felony murder
conviction because there is insufficient evidence to show that he was operating the
Camry without the effective consent of its owner. See Tex. Pen. Code Ann. §
31.07(a) (Vernon 2003) (person commits the offense of unauthorized use of a vehicle
if he intentionally or knowingly operates another’s vehicle without the owner’s
effective consent). However, the jury heard evidence that Barber had reported the
Camry as stolen less than a week before the accident at issue, appellant fled from
Trooper Nielsen, and appellant told an emergency room physician that his partner had
stolen the Camry. Any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Johnson, 23 S.W.3d at 7. We conclude that
the evidence is legally sufficient to support the verdict. 
         Moreover, although appellant argues that Barber never withdrew his consent to
utilize the Camry, the jury could accept or reject any or all of the evidence presented
at trial. See Fitts v. State, 982 S.W.2d 175, 187 (Tex. App.–Houston [1st Dist.]
1998, pet. ref’d). The circumstantial evidence in this case could have led a rational
jury to determine beyond a reasonable doubt that appellant was driving the Camry
without Barber’s consent. Ultimately, the jury is the sole judge of the credibility of the
witnesses, and we defer to the jury’s determination. See Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). The evidence is factually sufficient to show that
appellant knew he did not have Barber’s effective consent to drive the Camry. We
overrule appellant’s sole issue on appeal.
         The judgment of the trial court is affirmed.

           
 ROGELIO VALDEZ
                                                                                      Chief Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 13th day of May, 2004.