IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00052-CV

 

Navistar Financial Corporation,

                                                                      Appellant

 v.

 

Burt L. Schmidt, Individually 

and d/b/a Diamond Trucking,

                                                                      Appellee

 

 

 



From the 220th District Court

Hamilton County, Texas

Trial Court No. 02-08-08802

 



MEDIATION ORDER










 

      The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005 & Supp.
2005).  The policy behind ADR is stated in the statute: “It is the policy of
this state to encourage the peaceable resolution of disputes . . . and the
early settlement of pending litigation through voluntary settlement
procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR. 
Mediation is a mandatory but non-binding settlement conference, conducted with
the assistance of a mediator.  Mediation is private, confidential, and
privileged.

      We find that this matter is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

      The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellant is ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

      Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

      Any objection to this Order must be filed
with this Court and served upon all parties within ten days from the date of
this Order, or it is waived.

      We
abate this cause for mediation. 

PER
CURIAM

Before
Chief Justice Gray, and

      Justice
Reyna

Order
issued and filed April 5, 2006

Appeal
abated

Do
not publish






hich is relied upon by other jurors; (5) who for that reason
changed their vote to a harsher punishment.  Sneed, 670 S.W.2d at 266.  Current Rule 606(b), amended after the decision
in Sneed, provides:

Upon an inquiry into the validity of a
verdict or indictment, a juror may not testify as to any matter or statement
occurring during the jury’s deliberations, or to the effect of anything on any
juror’s mind or emotions or mental processes, as influencing any juror’s assent
to or dissent from the verdict or indictment.  Nor may a juror’s affidavit or
any statement by a juror concerning any matter about which the juror would be
precluded from testifying be admitted in evidence for any of these purposes.
However, a juror may testify: (1) whether any outside influence was
improperly brought to bear upon any juror; or (2) to rebut a claim that the
juror was not qualified to serve.


 

Tex. R. Evid. 606(b) (emphasis added).  Accordingly, Sneed
is no longer viable in light of Rule 606(b).  See Davis v. State,
119 S.W.3d 359, 365 (Tex. App.—Waco 2003, pet. ref’d); see also Hart v. State, 15 S.W.3d 117, 123 (Tex. App.—Texarkana
2000, pet. ref’d); Hicks
v. State, 15 S.W.3d
626, 630 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The Court of Criminal Appeals has yet
to decide the issue.  See
Davis, 119 S.W.3d at 365; see also Salazar v. State, 38 S.W.3d 141, 148 n. 3 (Tex.
Crim. App. 2001), cert. denied, 534 U.S. 855, 122 S. Ct. 127, 151
L. Ed. 2d 82 (2001).

            In light of Rule 606(b), “jurors may no longer establish jury
misconduct except for outside influence being improperly brought to bear upon a
juror.”  Davis, 119 S.W.3d at 365; see Tex. R. Evid. 606(b).  Melvin does not argue that “any
outside influence was improperly brought to bear upon any juror.”  Rather, he contends
that this definition should include information conveyed by a juror to the rest
of the jury.

The Court of Criminal Appeals, however,
has held: “The plain language of . . . Rule 606(b) indicates
that an outside influence
is something outside of both the jury room and the juror.”  White v. State, 225 S.W.3d 571, 574 (Tex. Crim.
App. 2007); see Hines v. State, 3 S.W.3d 618, 623 (Tex.
App.—Texarkana 1999, pet. ref’d).  We decline to depart from the
plain language of this rule.  Because Melvin has not shown that “any outside
influence was improperly brought to bear upon any juror,” the trial court did
not abuse its discretion by excluding the juror’s testimony and denying his
motion for new trial.  See Davis, 119 S.W.3d at 365; see also Hines, 3 S.W.3d at 623.  We overrule point one.[1]

ADMISSION OF EVIDENCE AT PUNISHMENT

            In point two, Melvin
contends that the trial court abused its discretion by admitting a chart of his
prior convictions into evidence at punishment.

            At punishment, the State
introduced four exhibits regarding Melvin’s prior convictions.  The State
sought to introduce a chart of the prior convictions and an enlargement of the
chart into evidence.  Melvin objected, arguing that the chart summarized the prior
conviction exhibits, was irrelevant, and was unnecessary to the jury’s
understanding of the evidence.  The trial court admitted the chart into
evidence.

            On appeal, Melvin contends
that the chart was inadmissible under Rule of Evidence 1006, which provides in
pertinent part:

The contents of voluminous writings,
recordings, or photographs, otherwise admissible, which cannot conveniently be
examined in court may be presented in the form of a chart, summary, or
calculation. 

 

Tex. Evid. R. 1006.

In Wheatfall v. State, 882 S.W.2d
829 (Tex. Crim. App. 1994), the Court of Criminal Appeals addressed the admission of a summary of Wheatfall’s criminal history.  See Wheatfall, 882 S.W.2d at 838.  The five-page
summary consisted of dates and
notes describing the crimes, no witness testified to the summary, and the
summary was not used as demonstrative evidence.  Id.  The Court held:

While rule 1006 clearly contemplates the
admission of summaries in certain instances, the rule in no way indicates that
a prosecutor can summarize her case on legal paper and submit those documents to
the trial court as “evidence.”  The adversarial system permits such summaries
by one side during closing arguments, but they are arguments and not admitted
as evidence to the jury.  Admission of these documents under this theory was
clearly error.

 

Id. at 839.  Nevertheless, the error was harmless because
“all the evidence presented was duplicitous of other evidence already
presented.”  Id. at 840.

            In Markey v. State, 996 S.W.2d 226 (Tex. App.—Houston
[14th Dist.] 1999, no pet.), the Fourteenth Court addressed the admission of a chart depicting the symptoms of
intoxication that  Markey possessed when arrested.  See Markey, 996 S.W.2d at 231.  The Court concluded that the chart
was improperly admitted as a summary of evidence already before the jury; thus,
it lacked probative value.  Id. at 231-32.  The error was harmless
because Markey did not challenge the chart as “erroneous or misleading” and it was “prepared in the jury’s
presence as Officer Myers recited the various symptoms of intoxication observed
by him, and the jury was able to accept or reject the prosecutor’s
characterization of the testimony as it occurred.”  Id. at 232.

            In light of Wheatfall
and Markey, any error in the admission of the chart is harmless.  The
chart consisted of a one-page summary of four prior criminal offenses, the
offense with which Melvin was charged, and a pending possession of marihuana offense. 
The chart identified the type of offense, the date of the offense, the county
where the offense occurred, and, where applicable, the cause number, date of
conviction, and sentence.  Officer Javier Ybarra testified to the pending
offense.  During his testimony, Melvin admitted committing each of the six
offenses listed on the State’s chart.  The State introduced documents regarding
the four prior convictions, which allowed the jury to evaluate the accuracy of
the chart.  Thus, the record contains other evidence of the prior convictions
and Melvin does not contend that the chart was in any way erroneous or
misleading.[2]
 See Wheatfall, 882 S.W.2d at 839; see also Markey, 996 S.W.2d at 232.  Because
Melvin was not harmed by the admission of the chart, we overrule point two.

            Having overruled Melvin’s
two points of error, we affirm the judgment.     

            

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed April 21, 2010

Do not publish

[CR25]

 

*           (Chief
Justice Gray concurs with the judgment to the extent that it affirms the trial
court’s judgment.  He does not join the Court’s opinion.  A separate opinion
will not issue.)









[1]               Even if Sneed
remains viable, Melvin’s claim must still fail because he has not shown that
there was a misstatement of the law asserted as a fact by one professing to know
the law.  See
Davis v. State,
119 S.W.3d 359, 365 (Tex. App.—Waco 2003, pet. ref’d).

 





[2]               After the chart was
admitted, the State noticed an error in the chart and offered a new exhibit
correcting the error, withdrawing the incorrect exhibit.  The corrected exhibit
was admitted into evidence.  Melvin did not object at trial and does not
complain about the correction on appeal.