Affirmed and Memorandum Opinion filed May 18, 2006









Affirmed
and Memorandum Opinion filed May 18, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00187-CR

____________

 

JAMES MARTIN LANE,
JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1002477

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not guilty to
the offense of robbery.  He was
convicted, and the jury assessed punishment at ten years= confinement in
the Texas Department of Criminal JusticeBInstitutional
Division.  In two issues, appellant
challenges the sufficiency of the evidence to support his conviction and the
trial court=s ruling on his motion to suppress.  We affirm.








Background

On September 28, 2004, appellant walked
into a Jack-in-the-Box restaurant and ordered two tacos.  When the cashier opened the cash register,
appellant demanded that she give him all the money in the register.  Appellant lifted the handle of a gun from his
right pants pocket and placed his finger on the trigger.  The cashier put the money in a sandwich bag
and gave it to appellant.  As appellant
drove away from the restaurant, the cashier memorized the license plate number
of his vehicle and called the police. 
Based on the license plate number and the cashier=s description of
the suspect, appellant was subsequently arrested.

The cashier identified appellant after
viewing a videotaped line-up and from still photographs taken by the restaurant=s security
camera.  Officer James Schultea of the
Houston Police Department interviewed appellant after his arrest.  Appellant admitted to robbing the restaurant
but claimed he did not use a weapon.  At
trial, appellant denied he committed the offense and testified that he only
admitted to the robbery because he did not understand the seriousness of the
accusation and believed incarceration would give him temporary relief from his
harassing girlfriend.  The jury convicted
appellant and sentenced him to ten years in prison.

Sufficiency of
the Evidence








In his first issue, appellant contends the evidence is
insufficient to support a conviction for robbery.  Appellant does not specify whether he is
challenging the legal or factual sufficiency of the evidence.  In his brief, appellant asks this court to
examine the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found him guilty of all elements of
the offense beyond a reasonable doubt. This is the standard of review for legal
sufficiency.  See King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000).  Appellant cites only legal
sufficiency cases and neither mentions the standard of review for factual
sufficiency nor cites cases concerning it. 
Consequently, we interpret his issue as challenging only the legal
sufficiency of the evidence.  See
Markey v. State, 996 S.W.2d 226, 229 (Tex. App.CHouston [14th Dist.] 1999, no pet.).

Having reviewed the record, we find the
evidence legally sufficient to support appellant=s conviction.  Appellant argues the evidence is insufficient
because he testified that he did not rob the cashier and, although the security
video shows the cashier handing him a bag, he did not ask her for money.  However, the cashier testified that appellant
approached her, displayed a gun, told her to give him all the money, and said
he would not harm her if she did not scream. 
She also identified appellant through a video line-up and at trial as
the robber.  Further, the jury viewed a
security video from the restaurant and could have identified appellant from the
videotape.  Finally, appellant admitted
to Officer Schultea that he robbed the restaurant.  Appellant also argues that, although the
security video shows him with his hand on his waist, he did not have a gun,
emphasizing that the police never found one. 
However, the cashier testified that she saw a gun in appellant=s pocket and
complied with his demands because she feared for her life.  Moreover, it is immaterial for a robbery
conviction whether appellant used or the police located a weapon because the
use or exhibition of a deadly weapon is not required.  Rather, the evidence is sufficient to show
robbery if the defendant placed the complainant in fear of imminent bodily
injury or death.  See Tex. Penal Code Ann. ' 29.02(a)(2)
(Vernon 2003).  Viewing the evidence in
the light most favorable to the verdict, we find that a rational trier of fact
could have convicted appellant of robbery beyond a reasonable double.  We overrule appellant=s first issue.

Motion to Suppress

In his second
issue, appellant contends the trial court erred in overruling the motion to
suppress his confession for two reasons. 
First, appellant contends his confession was involuntary because he was
detained fourteen hours before giving the statement and because he only
confessed to get away from his girlfriend. 
Second, appellant argues the confession and line-up should have been
excluded because his arrest was illegal.








We review a trial court=s decision to
grant or deny a motion to suppress for an abuse of discretion.  Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996).  At a
suppression hearing, the trial court is the exclusive trier of fact and judge
of witness credibility.  Id.  An appellate court affords almost total
deference to a trial court=s determination of
the historical facts supported by the record, especially when the trial court=s fact findings are
based on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). 

Involuntary confessions offend due process
only when they flow from the improper conduct of law enforcement
officials.  Colorado v. Connelly,
479 U.S. 157, 167, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986).  To determine whether the circumstances render
an accused=s statement involuntary, we ultimately
must determine whether his will was Aoverborne@ by police
coercion.  Creager v. State, 952
S.W.2d 852, 856 (Tex. Crim. App. 1997). 
We make this determination based on the totality of the circumstances.  Gomes v. State, 9 S.W.3d 373, 377 (Tex.
App.CHouston [14th
Dist.] 1999, pet. ref=d). 
Relevant circumstances include the length of detention, denial of access
to family members or an attorney, and physical brutality.  Id.








We reject appellant=s argument that
his confession was involuntary because of the length of his detention and his
desire to avoid his girlfriend.  Article 15.17 of the Texas Code of
Criminal Procedure requires that one making an arrest take the accused before a
magistrate without Aunnecessary delay.@ 
Tex. Code Crim. Proc. Ann.
art. 15.17(a) (Vernon Supp. 2005). 
Failure to take an accused before a magistrate in a timely manner will
not invalidate a confession, however, unless there is proof of a causal
connection between the delay and the confession.  Boyd v. State, 811 S.W.2d 105, 125
(Tex. Crim. App. 1991).  Appellant has
failed to demonstrate any connection between the State=s failure to take him before a
magistrate and the statements he gave to Officer Schultea.  The record shows that appellant was held
approximately fourteen hours before he was taken to Officer Schultea and read
his Miranda[1]
warnings.  There is no evidence of
physical brutality or that appellant was denied access to family members.  In fact, appellant was permitted to telephone
his mother to tell her where her truck was located.  Moreover, even an unreasonable delay in
presenting an accused before a magistrate will not vitiate an otherwise voluntary
confession if the individual was properly advised of his Miranda
rights.  Boyd, 811 S.W.2d at 125; see
also County of Riverside v. McLaughlin, 500 U.S. 44, 56, 111 S. Ct. 1661,
1665, 114 L. Ed. 2d 49 (1991) (noting that, as a general rule, a forty‑eight
hour delay without presentment before a magistrate is not an unnecessary
delay).  Furthermore, appellant=s desire to avoid his girlfriend
cannot render his confession involuntary because that desire is unconnected to
any police coercion.  See Creager,
952 S.W.2d at 856; Gomes, 9 S.W.3d at 377.  Based on the totality of the circumstances,
we conclude appellant=s statement was voluntary. 
Thus, the trial court did not abuse its discretion in denying appellant=s motion to suppress on this basis.

Appellant further contends the statement and line-up should
have been excluded because they are products of an illegal arrest.  Appellant contends the State failed to show a
lawful arrest because Officer Outlaw, the officer who stopped appellant for a
traffic offense, did not testify. 
Officer Michael Skillern testified that Officer Outlaw called him and
said he was pursuing a robbery suspect. 
According to Office Skillern, Officer Outlaw stopped appellant for a
traffic violation and because his license plate number appeared on the computer
as having been used in a robbery. 
Officer Skillern drove to the location, and when he arrived, Officer
Outlaw arrested appellant for the traffic violation and suspicion of robbery.








Following Officer Skillern=s trial testimony, appellant
requested a hearing on his motion to suppress the confession.  During the suppression hearing, Officer
Schultea testified that appellant was arrested for a traffic offense and put on
hold for the robbery offense.  A police
officer is authorized to arrest an individual for violation of traffic
laws.  See Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005); Atwater
v. City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557, 149 L. Ed.
2d 549 (2001).  Although Officer Schultea=s testimony was based on the offense
report, which is hearsay, such evidence is admissible in a suppression
hearing.  See Granados v. State,
85 S.W.3d 217, 227 (Tex. Crim. App. 2002) (stating that, with the exception of
rules governing privileges, the rules of evidence do not apply to suppression
hearings).  The State, therefore,
presented sufficient evidence of a lawful arrest.  Accordingly, the trial court did not err in
denying appellant=s motion to suppress. 
We overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 18, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  See Miranda
v. Arizona, 396 U.S. 868, 90 S. Ct. 140, 24 L. Ed. 2d 122 (1969).