**MODIFY and AFFIRM; and Opinion Filed January 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00696-CR

**GUSTAVO RENE CASTILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F09-58463-Y**

## MEMORANDUM OPINION
Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

A jury convicted appellant Gustavo Renee Castillo of continuous sexual assault of a child under the age of fourteen and sentenced him to life imprisonment. In three issues, he argues the trial court abused its discretion by admitting a chart setting forth a timeline of the sexual assault incidents, and the evidence is insufficient to support court-ordered reimbursement of attorneys' fees and court costs. As modified, we affirm the trial court's judgment.

### Background

Appellant was complainant's step-father. Complainant testified that appellant started sexually abusing her when she was seven years old. She explained the abuse continued until her thirteenth birthday. During those years, complainant suffered repeated vaginal penetration by appellant's penis, and he forced her to perform oral sex on him.

Complainant eventually confessed the abuse to her babysitter, who told complainant's family. Complainant underwent a sexual abuse exam, in which the doctor found injuries consistent with sexual abuse.

Although appellant testified in his own defense and tried to blame complainant's uncles for the abuse, the jury did not find his testimony credible. The jury found him guilty of continuous sexual assault of a child under the age of fourteen. This appeal followed.

## Admission of Chart into Evidence

In his first issue, appellant argues the trial court abused its discretion by admitting a chart made by the prosecutor setting forth a timeline of the sexual assault incidents testified to by the complainant. While the State concedes admission of the chart was erroneous, it contends appellant was not harmed. Appellant responds the error was not harmless because the exhibit improperly bolstered the complainant's testimony and "essentially allowed the jury to have that testimony read back to them during deliberations in violation of the requirements of Article 36.28" of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.28 (stating that a jury must disagree as to the statement of a witness before asking the court to have the statement read back).

During the complainant's testimony, the prosecutor wrote down the dates, the types of sexual abuse, and complainant's age on a board. The State later moved to admit the chart into evidence, and appellant objected. The trial court overruled the objection and admitted the document "as a summary under Rule 1006 of the Texas Rules of Evidence."

The law is clear that while the trial court has discretion to permit the use of visual aids and charts in the summarizing of evidence, such visual aids may only be admitted into evidence if they are relevant. TEX. R. EVID. 402 (admission of relevant evidence); *Markey v. State*, 996 S.W.2d 226, 231 (Tex. App.—Houston [14th Dist.] 1999, no pet.). "[A] mere summary of other

–2–

evidence already before the jury constitutes no proof of any fact in issue." *Markey*, 996 S.W.2d at 231. It has no inherent probative value and can rarely provide any significant assistance to the trier-of-fact. *Id.*; *see also Melvin v. State*, No. 10-09-00210-CR, 2010 WL 1611072, at *3 (Tex. App.—Waco Apr. 21, 2010, pet. ref'd). This was not a "highly technical or complex case" in which a summary of the evidence may be admissible to aid the jury in organizing the data. *See, e.g., Jarnigan v. State*, 57 S.W.3d 76, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (concluding court did not abuse its discretion by admitting into evidence a chart used by the State in a case with five defendants, forty-four prosecution witnesses, and twenty-two volumes of trial records spread over more than three weeks). Thus, we agree with appellant's argument, and the State's concession, that the trial court erred by admitting the evidence.

The erroneous admission of evidence under rule 1006 is analyzed for harm as non-constitutional error. TEX. R. APP. P. 44.2(b); *Markey*, 996 S.W.2d at 232. Thus, the error will not require reversal unless it affected appellant's substantial rights. TEX. R. APP. P. 44.2(b).

In conducting the harm analysis, we find *Melvin v. State*, No. 10-09-00210-CR, 2010 WL 1611072, at *3 (Tex. App.—Waco Apr. 21, 2010, pet. ref'd) instructive. In that case, the court determined the appellant was not harmed by the erroneous admission of a chart with prior convictions because the record contained other evidence of the prior convictions. Further, the appellant did not contend the chart was in any way erroneous or misleading. *Id.* at *3. Here, the jury heard testimony from complainant regarding the incidents of abuse summarized on the chart. And similar to the defendant in *Melvin*, appellant has not argued the chart is inaccurate or misleading. Accordingly, we cannot conclude appellant's substantial rights were harmed by the erroneous admission of evidence. Thus, appellant's first issue is overruled.

**Sufficiency of Evidence to Support Court-Ordered Attorney's Fees**

In his second issue, appellant challenges the sufficiency of the evidence to support court-ordered reimbursement of attorney's fees. As the State correctly recognizes, a trial court may order a defendant to repay the cost of court-appointed counsel if it is determined "a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). However, a defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. *Id*. art. 26.04(p).

The record shows the trial court determined appellant was indigent. The State does not argue any material change in appellant's financial circumstances, but rather asserts the itemized bill of costs with the abbreviation "APAT" next to $200 is insufficient to support the assessment of attorney's fees as court costs because "it is impossible to verify whether 'APAT' is, indeed, attorney's fees."

We ordered the Dallas County District Clerk to file a supplemental clerk's record in which it included a list of abbreviations with explanations. The list states "APAT" is an abbreviation for "court appointed attorney fee." Thus, the State's argument is without merit.

When the evidence is insufficient to support the trial court's assessment of attorney's fees, reformation of the judgment is the proper remedy. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Bahle v. State*, No. 05-10-01057-CR, 2012 WL 1382568, at *5 (Tex. App.—Dallas Apr. 23, 2012, no pet.) (not designated for publication). Accordingly, we sustain appellant's second issue and modify the judgment to delete the $200 assessed as attorney's fees.

**Sufficiency of Evidence to Support Court Costs**

In his third issue, appellant argues the evidence is insufficient to support $256 in court costs because the record does not contain a bill of costs. We ordered the Dallas County District Clerk to prepare and file an itemized bill of costs, and the clerk did so. *See* TEX. R. APP. P. 35.4(c)(1) (stating rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). With the supplemental clerk's record containing the bill of costs now before us, appellant's complaint that the evidence is insufficient to support imposition of the costs is moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.). We overrule appellant's third issue.

**Conclusion**

Having overruled appellant's issues, as modified, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120696F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUSTAVO RENE CASTILLO, Appellant

No. 05-12-00696-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F09-58463-Y.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to delete the $200 assessed as attorney's fees. In all other respects, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of January, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE