**Affirmed and Opinion Filed December 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01668-CR

**EDWARD GARZA TRIGO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-1130938-K**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice FitzGerald

A jury convicted appellant Edward Garza Trigo of continuous sexual abuse of a child and assessed punishment of thirty-six years in prison. On appeal, appellant raises two points of error complaining that the trial judge erred by admitting certain evidence. We affirm.

### I. BACKGROUND

Appellant was indicted for continuous sexual abuse of a child, specifically his step-daughter. At trial, there was evidence to support the following facts. The complainant was born in 1997. When the complainant was four years old, her mother and appellant became romantically involved. The complainant's mother and appellant were together about ten years and were married for the last six of those years. During that time, appellant and the

complainant's mother had three children. Appellant also had some other children from before he became involved with the complainant's mother.

The complainant testified that appellant sexually assaulted her in late 2010 when she was thirteen years old. The first instance of sexual assault occurred about a week before Thanksgiving. On that occasion, appellant put his hands down the complainant's shorts, inside her underwear, and touched her vagina. The complainant made no outcry at that time because she was afraid. On a subsequent occasion, appellant went into the complainant's bedroom where she was lying on her bed, and he rubbed her legs or her butt, sometimes over her clothes and sometimes under them. The complainant did not see appellant on that occasion, but she recognized the sounds of his knees popping and his heavy breathing. Then, on December 23, 2010, appellant sexually assaulted the complainant by putting his mouth on her vagina and then by inserting his finger into her vagina. That was the last incident. In late January 2011, the complainant made an outcry to her sister. The girls then told the complainant's mother, who called the police. This led to appellant's arrest.

The State called several other witnesses besides the complainant, including the complainant's mother (who had divorced appellant by the time of trial). Appellant testified in his own defense. He denied all of the complainant's accusations. Appellant also called his daughter to testify, and she testified that she never saw anything suspicious in the house, and that the complainant had a reputation in the community for being dishonest.

The jury found appellant guilty of continuous sexual abuse of a child and assessed punishment at thirty-six years' imprisonment. The judge signed a judgment implementing the jury's verdict. Appellant timely filed his notice of appeal.

## II. ANALYSIS

Appellant asserts two points of error. In his first point of error, he argues that the trial judge erred by permitting the complainant's mother to testify that appellant engaged in other bad conduct, such as lying and watching pornography. In his second point of error, he argues that the trial judge erred by admitting a handwritten summary of the complainant's testimony into evidence. We review a trial judge's decision on the admissibility of evidence under an abuse-of-discretion standard.[1] Thus, we will not find error unless the trial judge's decision is outside the zone of reasonable disagreement.[2]

### A. Evidence of other bad acts by appellant

During the testimony by the complainant's mother, the State began to ask the witness about her relationship with appellant. Appellant objected and was granted a hearing outside the presence of the jury. During the hearing, the witness testified that her relationship with appellant went bad for several reasons. She testified that appellant did not want to work, that appellant had been unfaithful, that appellant "lied a lot and stuff," and that appellant was "very addicted" to pornography. She also testified that these things led to arguments and made their relationship deteriorate. Appellant objected to admission of this evidence based on Texas Rule of Evidence 404(b), based on lack of relevance, and based on the theory that the evidence's unfairly prejudicial effect outweighed its probative value. The trial judge overruled the objections. When the jury returned, the State elicited the witness's testimony that appellant was unfaithful during the marriage, that he was lazy and did not want to work, that he watched pornography on the computer a lot, and that he lied about things. The witness further testified that these things strained their relationship and that she and appellant did not have a healthy sexual relationship.

---

[1] *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011).

[2] *See id.*

Only relevant evidence is admissible.[3]  Evidence is relevant if it has any tendency to prove or disprove the existence of any fact that is of consequence to the determination of the action.[4]  Even relevant evidence may be excluded if its probative value is substantially outweighed by factors such as the danger of unfair prejudice, confusion of the issues, or misleading the jury.[5]  Moreover, under Rule 404(b), evidence of other acts is not admissible to prove a person's character in order to show action in conformity with that character.[6]  But evidence of other acts may be admissible for other purposes, such as proof of motive, intent, or opportunity.[7]

On appeal, appellant relies solely on his Rule 404(b) objection.  He argues that the State elicited the above-described evidence solely for the purpose of tarnishing appellant's character and suggesting to the jury that appellant acted in conformity with his bad character.  The State responds that the evidence was admissible to show motive, intent, and opportunity.  According to the State, the evidence tends to show motive and intent by the following logic.  Appellant's bad conduct harmed his relationship with his wife, such that they no longer had a healthy sexual relationship.  From this, the State contends, the jury could infer that appellant was sexually frustrated, giving him the motive and the intent to satisfy his sexual desires with someone else— specifically, the complainant.  Alternatively, the State argues that the evidence tended to show opportunity.  Because appellant was lazy and frequently unemployed, the State argues, the jury could infer that this meant he was home with the children more often and had greater opportunity to abuse the complainant.  We agree with the State.  It was within the zone of reasonable

---

[3] TEX. R. EVID. 402.

[4] TEX. R. EVID. 401.

[5] TEX. R. EVID. 403.

[6] TEX. R. EVID. 404(b).

[7] *Id*.

disagreement for the trial judge to conclude that the evidence was relevant to show motive, intent, or opportunity.[8] Accordingly, the trial judge did not abuse her discretion by admitting the testimony.

Alternatively, any error was harmless. We generally review the erroneous admission of evidence under the test for nonconstitutional error found in Texas Rule of Appellate Procedure 44.2(b).[9] Nonconstitutional errors are harmful only if they affect substantial rights.[10] An error affects a substantial right if it had a substantial and injurious effect or influence in determining a jury's verdict.[11] If improperly admittedly evidence did not influence the jury or had only a slight effect on its deliberations, the error is harmless.[12] We may consider factors such as the strength of the evidence supporting the verdict, the character of the alleged error and how it might be considered together with other evidence in the case, jury instructions, the State's theory, any defensive theories, the closing arguments, voir dire, and whether the State emphasized the error.[13]

In this case, there was sufficient evidence of appellant's guilt, in the form of the complainant's clear and direct testimony describing appellant's abusive acts. More importantly, the character of this evidence is not such as would be likely to have had a strong impact on the jury. The bad acts that appellant's ex-wife testified about were not similar to the crime appellant was accused of, and they were not of a kind that would make a jury likely to conclude that appellant had a propensity to sexually abuse children. Finally, although the State mentioned the

---

[8] *Cf. Smith v. State*, No. 05-02-01886-CR, 2003 WL 22962434, at *8 (Tex. App.—Dallas Dec. 17, 2003, pet. ref'd) (not designated for publication) (evidence that murder defendant was lazy was admissible because it tended to show a motive for murdering a co-worker, who had reprimanded the defendant for not doing his share of the work).

[9] *See, e.g.*, *Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007).

[10] TEX. R. APP. P. 44.2(b).

[11] *See Bourque v. State*, 156 S.W.3d 675, 677 (Tex. App.—Dallas 2005, pet. ref'd).

[12] *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).

[13] *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002).

evidence of bad acts during closing argument, the State did not dwell on it extensively.  For these reasons, we conclude that any error was harmless.

We overrule appellant's first point of error.

**B.      Admission of summary of the complainant's testimony**

In his second point of error, appellant argues that the trial judge erred by admitting into evidence State's Exhibit 4, which was a sheet of paper on which the prosecutor had written a summary of the complainant's testimony about the assaults.  Appellant contends that the exhibit was not relevant and that Texas Rule of Evidence 1006 did not make the summary admissible.  Appellant also contends that admission of the exhibit amounted to a reading of testimony to the jury during deliberations in violation of Article 36.28 of the code of criminal procedure.  The State responds that appellant failed to preserve error and, alternatively, that the admission of the evidence was harmless.

Preservation of error is a systemic requirement on appeal, and we should not address the merits of issues that are not preserved.[14]  To preserve error, a party must object and state the grounds for the objection with enough specificity to make the trial judge aware of the complaint, unless the specific grounds were apparent from the context.[15]  The objection must merely be sufficiently clear to give the judge and opposing counsel an opportunity to address and, if necessary, correct the purported error.[16]  Arguments that do not comport with the objection made at trial are not preserved.[17]

We conclude that appellant preserved a relevancy objection for appeal.  When the State offered the exhibit into evidence, appellant's counsel objected as follows:

---

[14] *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

[15] TEX. R. APP. P. 33.1(a)(1)(A).

[16] *Ford*, 305 S.W.3d at 533.

[17] *Crouse v. State*, 441 S.W.3d 508, 516 (Tex. App.—Dallas 2014, no pet.).

| Counsel: | I object. It's something created by the State. It's not evidence in this case. |
|---|---|
| The State: | It was created per the victim's testimony. |
| Counsel: | It's the prosecutor's writing. It's not admissible. |

By pointing out that the State had created the summary and then arguing that summary was "not evidence in this case," appellant sufficiently conveyed the point that the summary was merely a repetition of testimony and had no independent relevance or probative value of its own. Indeed, the court of criminal appeals said in *Wheatfall v. State* that a similar summary was argument, not evidence.[18] But we conclude the objection was not sufficient to preserve any arguments based on Rule 1006 regarding summaries of voluminous documents, or on Article 36.28 of the code of criminal procedure.

The State all but concedes that admission of the summary was error.[19] But we conclude that any error was harmless. We review the record for harm under the standard applicable to nonconstitutional error.[20] In this case, we conclude that the admission of the summary was harmless because it had, at most, only a slight effect on the jury's deliberations.[21] The summary is a brief and accurate summary of the complainant's testimony, which the jury had heard only the day before. It does not appear from the record that the State used the exhibit during closing arguments. The jury deliberated less than thirty minutes before returning a guilty verdict. Given the totality of the circumstances, we conclude that the erroneous admission of the summary was harmless error.[22]

---

[18] *See* 882 S.W.2d 829, 839 (Tex. Crim. App. 1994) ("The adversarial system permits such summaries by one side during closing arguments, but they are arguments and not admitted as evidence to the jury."); *see also Markey v. State*, 996 S.W.2d 226, 231 (Tex. App.— Houston [14th Dist.] 1999, no pet.) ("[A] mere summary of other evidence already before the jury constitutes no proof of any fact in issue.").

[19] *See Wheatfall*, 882 S.W.2d at 839; *see also Markey*, 996 S.W.2d at 231.

[20] *See* TEX. R. APP. P. 44.2(b).

[21] *See Coble*, 330 S.W.3d at 280.

[22] *See Wheatfall*, 882 S.W.2d at 839–40 (concluding that admission of a similar summary was harmless beyond a reasonable doubt under former Texas Rule of Appellate Procedure 81(b)(2)); *Markey*, 996 S.W.2d at 232 (same).

We overrule appellant's second point of error.

### III.  CONCLUSION

Having overruled both of appellant's points of error, we affirm the trial court's judgment.


Do Not Publish                                    /Kerry P. FitzGerald/
TEX. R. APP. P. 47                                KERRY P. FITZGERALD
131668F.U05                                       JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWARD GARZA TRIGO, Appellant

No. 05-13-01668-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F-1130938-K.
Opinion delivered by Justice FitzGerald.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 30, 2014.