**William Patrick DUDLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12–06–00035–CR.**

Court of Appeals of Texas,
Tyler.

Oct. 4, 2006.

---

James W. Huggler, Jr., for appellant.

Michael J. West, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

### OPINION

JAMES T. WORTHEN, Chief Justice.

Appellant William Patrick Dudley was convicted of failing to stop and give information after a motor vehicle accident, a class B misdemeanor. In two issues, Appellant challenges the sufficiency of the evidence to support his conviction and the trial court's admission of certain evidence. We affirm.

### BACKGROUND

On October 3, 2005, Appellant was charged by information for failing to stop and give information after a motor vehicle accident in Smith County, Texas.[1] Appel-

---

1. Appellant was also charged with driving while intoxicated arising from the same incident. That case was tried separately and we have affirmed his conviction in that case. *See*

*Dudley v. State*, No. 12–06–00017–CR, 2006 WL 2556071, 2006 Tex.App. LEXIS 7960 (Tex.App.-Tyler Sept. 6, 2006, no pet. h.) (not designated for publication).

lant pleaded "not guilty" and elected to have a jury decide his guilt or innocence.

At trial, the State first called April Puckett to testify. Puckett said that between midnight and 1:00 in the morning on June 25, 2005, she was in Tyler, Texas, and was driving in a westerly direction on Shiloh Road nearing the intersection with Copeland Road. In her mirror she saw a white Ford work truck weaving and heading toward her. She swerved to avoid being hit, but was hit on the driver's side toward the rear of her vehicle. Puckett turned around and tried to follow the truck, but lost sight of it and stopped at an apartment complex to call the police. Puckett testified that she had received an estimate that it would cost $1,300.00 to repair her car. Catlin Owens was a passenger in her car and testified to substantially the same facts.

Noe Balderas, an officer with the Tyler Police Department, testified that he and another officer were on patrol together when they heard a dispatch of the accident on the police radio. They were within several blocks of the location of the accident and immediately proceeded toward the intersection of Shiloh Road and Paluxy, the intersection just to the east of the accident. As they approached a gasoline station at the intersection, Officer Balderas saw a white Ford F150 work truck run over the curb as it left the parking lot and then accelerate away at a high rate of speed. Because that vehicle matched the description of the vehicle involved in the accident, they followed it, observing that it was weaving in and out of traffic. Officer Balderas said that the truck stopped at the red light at the intersection of Shiloh Road and Highway 110. Officer Balderas explained that they did not initiate the police lights or siren at that time because they were concerned the driver might run the red light and endanger himself and others.

After the light turned green, the truck again accelerated at a high rate of speed. The officers initiated their overhead lights and siren, but the truck continued to accelerate to the point that the back end of the truck began to "fishtail." As the driver attempted to negotiate a sharp bend in the road, he again lost control of the back end of his truck. A semi—truck and trailer was traveling the opposite direction on the same road. The driver of the semi was able to get to the side of the road to avoid the white truck. The driver of the white truck swerved and narrowly missed the tractor of the semi. He was not so fortunate when it came to the trailer and he struck it, ending his flight from the officers.

As the officers approached the vehicle, Officer Balderas smelled gasoline that he later learned was coming from a storage container in the rear of the truck. Appellant, the driver of the truck, appeared to be unconscious and was eventually taken to the hospital.

At the conclusion of the guilt/innocence phase of the trial, the jury found Appellant guilty as charged. Appellant elected to have the trial court assess punishment, and the court released the jury. Appellant had already accumulated sufficient time in jail to satisfy the maximum sentence, and the trial court assessed punishment at 180 days of confinement and a fine of $2,000.00. This appeal followed.

### EXTRANEOUS OFFENSES

In his first issue, Appellant asserts that the trial court erred in allowing witnesses to testify about the driving while intoxicated investigation and the wreck with the semi, and that the court should have given instructions to the jury explaining how to use this evidence.

The majority of this claim is waived. In order to present an issue for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion. *See* TEX.R.APP. P. 33.1(a)(1). Appellant did not object to the very limited testimony about the driving while intoxicated investigation or request a limiting instruction, and so those complaints are waived. *See id.; see also* TEX.R. EVID. 105(a). Further, Appellant did not object to the court's charge, which omitted language instructing the jury that they could not consider extraneous bad acts unless they believed beyond a reasonable doubt that he committed the acts. *See Ex parte Varelas,* 45 S.W.3d 627, 631 (Tex.Crim.App.2001) (if requested, a jury should be instructed that they are not to consider extraneous act evidence unless they believe beyond a reasonable doubt that the defendant committed that act). Therefore, these portions of this complaint are waived.

■ Appellant did object to testimony about the wreck with the semi on the ground that the evidence was not relevant. This is sufficient to preserve a relevancy complaint, but is not sufficient to have required the trial court to conduct a rule of evidence 403 balancing test, which Appellant now complains was not done. *See Alba v. State,* 905 S.W.2d 581, 585–86 (Tex. Crim.App.1995). Nevertheless, evidence of Appellant's flight from the officers was relevant. *See id.* at 586. Furthermore, Appellant's inability to safely navigate the roadway after the officer saw him corresponds with the testimony of Puckett and Owens that Appellant was swerving his vehicle in an unsafe manner before the accident. Finally, the officer learned Appellant's identity only after Appellant had wrecked his truck. In this context, we conclude that the evidence of the police investigation after their response to the call about the wreck was relevant and the trial court did not abuse its discretion when it allowed the testimony. *See Shuffield v. State,* 189 S.W.3d 782, 787 (Tex. Crim.App.2006) (standard of review). We overrule Appellant's first issue.

### SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, he contends that the evidence was insufficient to prove that he was the driver of the truck that hit Puckett's vehicle or that the damage to the vehicles was more than $200.00.

### Standard of Review—Legal Sufficiency

■ The Due Process Clause of the Fourteenth Amendment requires that evidence be legally sufficient to sustain a criminal conviction. *Jackson v. Virginia,* 443 U.S. 307, 315–16, 99 S.Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979). Evidence is legally sufficient when an appellate court, viewing the evidence in the light most favorable to the judgment, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993) (citing *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789). The conviction will be sustained "unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The jury is the exclusive judge of (1) the facts, (2) the credibility of the witnesses, and (3) the weight to be given to the testimony of each witness. *Barnes v. State,* 876 S.W.2d 316, 321 (Tex.Crim.App. 1994); *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App.1981). Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury's domain. *Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App.1986). The jury is en-

titled to draw reasonable inferences from the evidence. *Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex.App.-Corpus Christi 1988, pet. ref'd). A successful legal sufficiency challenge results in the rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S.Ct. 2211, 2217–18, 72 L.Ed.2d 652 (1982).

### Applicable Law and Discussion

■ As charged, a person commits an offense if the person is involved in an accident resulting in more than $200.00 in damage to a vehicle and he leaves the scene of the accident without giving his name, address, and the registration number to his vehicle to the owner of the other vehicle involved in the collision. TEX. TRANSP. CODE ANN. § 550.022 (Vernon Supp.2006).

Appellant does not contest that Puckett's vehicle was struck or that the driver left without leaving the requisite information. Rather he asserts that the proof of damages was insufficient and that there was no proof that he was the driver. With respect to damages, Appellant complains that Puckett's statement that she had received an estimate of $1,300.00 to repair her car was unreliable because of a lack of evidence as to who gave the estimate and that person's qualifications. To the extent this is an objection to the admission of the statement, it is waived for failure to make a contemporaneous objection. *See* TEX. R.APP. P. 33.1(a)(1)(A).

But Appellant also complains that it is insufficient evidence on the issue of damages. He cites *Elomary v. State*, 796 S.W.2d 191, 193 (Tex.Crim.App.1990) and *Sebree v. State*, 695 S.W.2d 303, 305 (Tex. App.-Houston [1st Dist.] 1985, no pet.) for the proposition that there must be more than testimony of an estimate for there to be sufficient evidence of the cost of re-

pairs. Appellant is correct that the evidence on this point is less than overwhelming. The State simply asked Puckett if she had obtained an "estimate to [sic] the amount of damages." She replied that she had and that it was for $1,300.00. The State did not elicit what kind of damage was done to her car and did not even ask Puckett or any other witness to describe the damage to her car. Puckett did testify that the impact from the collision jolted her.

This evidence would likely be inadequate under *Elomary* and *Sebree*, but the question presented here is a different one. The criminal mischief statute, to which those cases pertain, requires proof of the cost to repair an item as a measure of damages in certain circumstances. *See* TEX.CODE CRIM. PROC. ANN. art. 28.06(b) (Vernon Supp.2006). By contrast, the transportation code has no such specific measure of damages for this offense. *See Hodges v. State*, No. 05–99–01147–CR, 2000 WL 1176598, at *2, 2000 Tex.App. LEXIS 5591, at *5 (Tex.App.-Dallas 2000, no pet.) (not designated for publication).

Accordingly, we assume that the legislature did not intend for the criminal mischief "proof of cost of repair" scheme to apply to the proof of damage for this type of offense. "Damages" in this context are limited to damages to vehicles, but there are no other provisions contained in the statute. *See* TEX. TRANSP. CODE ANN. § 550.022(c)(2). Therefore, the requirements of specificity for the proof of cost of repairs found in *Elomary* and *Sebree* do not apply to this offense.

In this context, we hold that there was sufficient proof of damages in this case. Because of the way the State offered its proof, this holding is premised on several conceptual constructions. The first is that the term "estimate" was used by the witness in the way the term would be com-

monly understood in the context of an automobile accident, that is, that a professional reviewed the damage and that the amount given was a reasonable estimate. This is a risky proposition, and one that we are willing to extend only so far. In this case, it need only be extended so far as $200.00 for the damages to two automobiles for an impact of sufficient force that the occupants of one car were jolted. Although there was no evidence about repair of automobiles generally, a jury would have at least some understanding of automobile repair and would understand that when the legislature set the bar at $200.00, it meant to include virtually all motor vehicle accidents in this part of the statute. The second construction is that Puckett's testimony that she was jolted by the impact and that an estimate for $1,300.00 was obtained is an assertion, however oblique, that the car Puckett was driving was damaged in some meaningful way. Because of the way the State presented its evidence, we can have very little confidence that the cost of a professional repair for Puckett's automobile is, in fact, $1,300.00. However, this evidence is sufficient to allow a rational finder of fact to conclude that more than $200.00 in damage was done to the two automobiles.

The evidence is also circumstantial with respect to identity. No witness could identify Appellant as the person who was driving the white work truck when it hit Puckett's car. Nevertheless, his white work truck was in the immediate vicinity of the accident moments after it occurred, Appellant fled from the police, the driving patterns he exhibited were similar to those observed by Puckett, and the officer testified, without an objection, that a caller was communicating with him through his radio dispatcher as the caller was following Appellant down the road after the wreck. Circumstantial evidence may be sufficient to prove identity, and we hold that a ra-tional jury could have concluded that Appellant was the driver of the truck when it hit Puckett's vehicle. *See Earls v. State,* 707 S.W.2d 82, 85 (Tex.Crim.App.1986).

### Standard of Review—Factual Sufficiency

Appellant has failed to specifically request that we review the factual sufficiency of the evidence and has not cited any case law concerning the requested standard of review. The State argues, and at least one court of appeals has agreed, that a general challenge to the sufficiency of the evidence invokes only legal sufficiency review. *See Markey v. State,* 996 S.W.2d 226, 229 (Tex. App.-Houston [14th Dist.] 1999, no pet.). Furthermore, the court of criminal appeals has said that a court of appeals should only undertake a factual sufficiency review if the issue is "properly raised." *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App. 1996); *see also Cardenas v. State,* 30 S.W.3d 384, 386 n. 2 (Tex.Crim.App.2000) (conducting only legal sufficiency review where appellant requested acquittal and did not adequately brief factual sufficiency). Appellant's request to review the evidence lacks a specific request for factual sufficiency review, but he has asked this court to reverse his conviction and remand the matter for further proceedings. This requested relief is arguably consistent with factual sufficiency review. *See Clewis,* 922 S.W.2d at 133–34. Therefore, we will review the factual sufficiency of the evidence.

When evaluating the factual sufficiency of the evidence, we first consider all of the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). Although we are authorized to disagree with the jury's determination, even if probative evi-

dence exists that supports the verdict, *see Clewis*, 922 S.W.2d at 133, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex.App.-El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).[2]

 A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust." *Ortiz v. State*, 93 S.W.3d 79, 87 (Tex.Crim. App.2002); *see also Sims v. State*, 99 S.W.3d 600, 601 (Tex.Crim.App.2003). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Zuniga*, 144 S.W.3d at 481. As the court of criminal appeals explained in *Zuniga*, "There is only one question to be answered in a factual sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in its finding of guilt beyond a reasonable doubt?" *See id.* at 484.

### Discussion

 We have reviewed the record in its entirety. In our evaluation we are mindful that we must not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *See Santellan*, 939 S.W.2d at 164. There is no conflicting evidence in this case, although the State's evidence is circumstantial on both of the contested issues. The jury necessarily adopted the assumptions we discussed in the previous section in reaching their verdict. Our review of the record as a whole, with consideration given to all of the evidence, both for and against the jury's finding, has not revealed to us any evidence causing us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the jury's verdict. We overrule Appellant's second and third issues.

### DISPOSITION

We *affirm* the judgment of the trial court.

---

2. However, "contrary evidence does not have to outweigh evidence of guilt; it has to be only enough to provide reasonable doubt." *Zuniga v. State*, 144 S.W.3d 477, 483 (Tex. Crim.App.2004).