OPINION HEADING PER CUR 









                NO. 12-07-00077-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

DAIN
JACKSON SAWYER,            §          APPEAL FROM THE 420TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION








            A jury convicted Dain Jackson Sawyer of stalking the
complainant, Thandra High.  In four
issues, Appellant challenges the legal and factual sufficiency of the evidence,
contends that his motion for directed verdict should have been granted because
of an incorrect date in the indictment, and argues that the trial court erred
in admitting evidence under Rule 404(b) of the Texas Rules of Evidence.  We affirm.

 

Background

            On October 31, 2005, a violent storm with lightning and
driving rain struck the Stephen F. Austin State University campus in
Nacogdoches, Texas.  From her dormitory,
North Hall, High observed Appellant outside in an open area constructing what
appeared to be an improvised fort out of metal tables and metal chairs.  High, concerned for Appellant’s safety,
immediately contacted the campus police and waited on the porch of the
university for them.  While High waited,
Appellant ran up to the porch, grabbed her by the arm, and asked her to pray
with him.  High told Appellant, “No, let
go.”  When she tried to pull away from
Appellant, he would not let her go. 
After a struggle, she was finally able to escape Appellant and run into
North Hall.  Appellant remained on the
porch screaming unintelligibly before the campus police arrived.








            On November 3, High was eating lunch with friends at a
cafeteria in the University Center, the Hungry Jack Inn.  Appellant walked past High and her friends,
sat down at an outside table, and began staring in at her.  He later walked inside the Hungry Jack Inn,
approached High and her friend Stephen Ross, and told both of them that he
loved them.  Appellant then walked
outside the building but continued to observe High and her friends once
outside.  When High got up to throw away
her trash, Appellant came back in the building towards her.  High began to run away from him and he chased
her.  When she turned around, he came
within a few inches of her face and said, “Don’t run from me.”  He then laughed and walked away.  

            High promptly reported this incident to the campus
police.  As a result, Detective Michael
Stephenson met with Appellant to discuss Appellant’s conduct.  Detective Stephenson told Appellant that his
actions were scaring High and other students. 
They did not feel safe with the way he was acting towards them.  He further told Appellant that he should not
be openly praying for people and touching them when they did not want to be
touched.  Detective Stephenson also warned
Appellant about chasing people because it scared them and made them fear for
their safety.

            Three days later, on November 6, High was working on
campus at the front desk of another dormitory. 
Appellant, who was a resident of the dormitory, approached High about
using the remote control for the television in the adjoining room.  After he began watching television, Appellant
began to yell at the television.  This
scared High and she phoned a dormitory resident assistant. When the resident
assistant arrived, Appellant began ripping papers over a trash can and
screaming the word “chicken” at High. 
This terrified High.  She ran into
a nearby bathroom and locked herself inside. 
She also called the campus police using a mobile telephone.

            Next, on November 10, High and Ross were having lunch
again at the Hungry Jack Inn.  Ross
spotted Appellant sitting at a nearby table staring at High.  High turned around and saw Appellant staring
at her.  She remained at the table for
about ten minutes before Appellant’s 
staring made her so uncomfortable that she got up from the table and
walked away.  She reported this incident
to the campus police.             

            On November 29, High was walking from a class next to the
Rusk Building on campus with Ross and another friend, A.J. Maldonado.  She was walking with Ross and Maldonado
because she feared for her safety due to Appellant’s presence on campus.  As they were walking, Appellant approached
them and said, “Please don’t call the police any more.”  He also told High that he forgave her and
that he loved her.  High told Appellant, “Leave
me alone.”  Appellant responded by
continuing to walk towards her and repeating, “Don’t call the police any more,”
“I love you,” and “I forgive you.”  As he
got closer, High drew a pepper spray canister that her parents had given her to
protect herself from Appellant and also began calling the campus police using
her mobile telephone.  Upon seeing her
make this call, Appellant ran away.  

            After completing her semester final examinations, High
left the university and enrolled at another university to continue her
education.  She took this action because
Appellant’s presence on campus made her fear for her safety.  As a result of his actions, Appellant was
indicted for stalking, a third degree felony. 
A jury found Appellant guilty and assessed punishment at seven years of
imprisonment and a $2,000.00 fine.  This
appeal followed.

 

Indictment

            In his first issue, Appellant contends that the trial
court erred in failing to grant his motion for directed verdict.  In the indictment, the State alleged that
Appellant first began stalking High on October 21, 2005.  The evidence put on by the State established
that the first incident between Appellant and High occurred on October 31,
2005.  Appellant contends that by failing
to show that any portion of the offense occurred on October 21, the State
failed to legally prove its case against him. 
The State contends that where an indictment refers to an offense as
occurring “on or about” a certain date, 
the indictment is to be construed liberally.  








            An indictment is sufficient if the time mentioned is a
date anterior to the presentment of the indictment and is not so remote that
the prosecution of the offense is barred by limitation. Tex. Code Crim. Proc. Ann. art. 21.02, § 6 (Vernon
2005).  The “[o]n or about” language of
an indictment allows the State to prove a date other than the one alleged so
long as the date proven is anterior to the presentation of the indictment and
within the statutory limitation. Wright v. State, 28 S.W.3d 526,
532 (Tex. Crim. App. 2000).  In the
instant case, the dates of the offenses proven, October 31, 2005 and November
3, 6, 10, and 29, 2005, were anterior to the presentation of the indictment and
were within the three year limitation period. 
See Tex. Code Crim. Proc.
art 12.01, § 6 (Vernon 2005) (setting forth the general felony limitation
period of three years).  It was therefore
allowable for the State to proceed on events that occurred on October 31, 2005
even though the indictment alleged the offense occurred “namely” October 21,
2005.  We overrule Appellant’s first
issue.

 

Legal and Factual Sufficiency

            In his second and third issues, Appellant contends that
the evidence was not legally and factually sufficient to support his conviction
for stalking.

Standard of Review

            The Due Process Clause of the Fourteenth Amendment
requires that evidence be legally sufficient to sustain a criminal conviction. Jackson
v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed.
2d 560 (1979).  Evidence is legally
sufficient when an appellate court, viewing the evidence in the light most
favorable to the judgment, determines that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (citing Jackson,
443 U.S. at 319, 99 S. Ct. at 2789).  We
must bear in mind that the jury is the exclusive judge of the credibility of
witnesses and of the weight to be given their testimony. Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
The jury is entitled to draw reasonable inferences from the evidence. Dudley
v. State, 205 S.W.3d 82, 86-87 (Tex. App.–Tyler 2006, no pet.).  Likewise, the reconciliation of conflicts in
the evidence is within the exclusive province of the jury. Losada v.
State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court. See Tibbs
v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d
652 (1982).








            In addition to the guarantees provided by the Fourteenth
Amendment, in the direct appeal of a criminal case, the courts of appeals have
the statutory and constitutional authority to entertain a claim of factual
insufficiency. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  In conducting a factual
sufficiency review of the evidence, we must first assume that the evidence is
legally sufficient under the Jackson standard. See Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We then consider all of the evidence weighed
by the jury that tends to prove the existence of the fact in dispute and
compare it to the evidence that tends to disprove that fact. See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.” Ortiz v. State, 93 S.W.3d
79, 87 (Tex. Crim. App. 2002).  A clearly
wrong and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The fact that we might harbor a subjective level of reasonable doubt is
not enough to overturn a conviction that is founded on legally sufficient
evidence. See Watson, 204 S.W.3d at 417.  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis, 922 S.W.2d at 133, our evaluation
should not substantially intrude upon the jury’s role as the sole judge of the
weight and credibility of witness testimony. Santellan, 939
S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive. Dudley, 205 S.W.3d at 89.  We cannot declare that a conflict in the
evidence renders the evidence factually insufficient simply because we disagree
with the jury’s resolution of the conflict. See Watson,
204 S.W.3d at 417.  A successful factual
sufficiency challenge will result in a reversal of the conviction challenged
and remand of the case for a new trial. See id. at 414.

            As limited by the indictment, the State had
to prove that, on more than one occasion, and pursuant to the same scheme and
course of conduct, directed specifically at High, Appellant knowingly engaged
in certain specified conduct, which he knew and reasonably believed (1) would
be regarded by High as threatening bodily injury to High, (2) would cause High
to be placed in fear of bodily injury, and (3) would cause a reasonable person
to fear that High was in danger of bodily injury. See Tex. Penal Code Ann. § 42.072 (Vernon
2007) (setting forth the elements of a stalking offense).  

Discussion

            High testified that in each of her five encounters with
Appellant that she was afraid and feared for her safety.  Ross testified that he feared for both his
and High’s safety in the November 3 incident with Appellant.  Both Ross and Maldonado testified that they
were afraid, both for themselves and for High, in the November 29 incident with
Appellant.  








            Detective Stephenson testified that he specifically told
Appellant on November 3 that his actions were threatening to High and others
and that he should leave High alone. 
Lindsay Driggers, another student at the university, testified that, on
November 10, Appellant approached her at the Hungry Jack Inn and told her she
was beautiful.  She said that she asked
him to leave her alone, but that he did not listen.  He continued getting closer to her and put
his hand on her back.  When she told him
to leave her alone again, “He proceeded to rebuke the devil in the Lord’s name
and wave his hands in the air.”  It was
at this time that another male student stood in front of Driggers and told
Appellant to leave her alone.  

            Another university student, Kimberly Schwab, testified
that, during the fall semester of 2005, Appellant introduced himself to her and
immediately began providing unwelcomed instruction to her regarding his
religious beliefs.  She said that it “freaked”
her out.  She further said that Appellant
began following her, petting her head, stroking her hair, and telling her that
he loved her.  She said that the
situation eventually reached the point where she had to have a male resident
assistant escort her to and from her dormitory room because she was terrified
of Appellant.

            The evidence showed that Appellant approached High on
five incidents.  After the second
incident, Appellant was warned by Detective Stephenson that he was scaring High
and that he should leave her alone. 
While testifying, Appellant explicitly denied the occurrence of only one
incident.  He merely stated that he could
not remember the details of each of the other incidents.  We hold that the evidence was legally and
factually sufficient to support Appellant’s conviction. See Johnson,
871 S.W.2d at 186; Ortiz, 93 S.W.3d at 87.  We overrule Appellant’s second and third
issues.

 

Extraneous Evidence

            In his fourth issue, Appellant contends that the trial
court erred in allowing the testimony of Driggers and Schwab after he objected
to the relevancy of their testimonies. See Tex. R. Evid. 404(b). 
Both Driggers and Schwab testified that they had similar encounters with
Appellant at about the same time as High that also caused them to be in fear
for their personal safety.  

            A trial court’s ruling on the admissibility of extraneous
offenses is reviewed under an abuse of discretion standard.  Prible v. State, 175 S.W.3d
724, 731 (Tex. Crim. App. 2005).  As long
as

 

the trial court’s ruling was
within the “zone of reasonable disagreement,” there is no abuse of discretion,
and the trial court’s ruling will be upheld. Id.  When a trial court further decides not to
exclude the evidence, finding that the probative value of the evidence is not
outweighed by the danger of unfair prejudice, this decision too shall be given
deference. Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App.
).  We cannot substitute our own decision
for the trial court’s. Id.

            Rule 404(b) precludes a defendant from being tried for
his collateral crimes or for having a propensity for criminal conduct. See Tex.
R. Evid. 404(b).  Extraneous
offenses are not admissible at the guilt-innocence phase of a trial to prove
that a defendant committed the charged offense in conformity with a bad
character. Tex. R. Evid.
404(b).  However, extraneous offense
evidence that has relevance beyond character conformity may be admissible. Id.  Rebuttal of a defensive theory is “one of the
permissible purposes for which relevant evidence may be admitted under Rule
404(b).”  Moses, 105 S.W.3d
at 626.

            At trial, counsel for Appellant made clear from the
beginning of the trial, specifically in his opening statement to the jury, that
a key defensive theory of Appellant was that Appellant “did not realize that
some people [were] offended [by his conduct], or didn’t want to hear [about his
religious beliefs], [and that his conduct] was never meant to be harmful.”  The State had sought to admit the testimony,
specifically arguing that “they clearly go to [Appellant’s] motive, his intent,
. . . knowing these other encounters and that other people also reasonably
feared his actions.”  The State also
argued that the evidence was admissible to show that others, in addition to
High, had the same reaction of fear from Appellant’s actions.  We agree with the State that this evidence
was relevant for purposes other than to show character conformity.

            However, even if the evidence is relevant and the purpose
for which it is being offered is permissible under Rule 404(b), it may still be
excluded by the trial court under Rule 403 if its probative value is
substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.  The trial court here conducted a review of
the evidence to be presented through the testimony of Driggers and Schwab under
the factors specified in Montgomery v. State, 810 S.W.2d 372,
392-93 (Tex. Crim. App. 1991) (op. on reh’g). 
The record does not reflect that the trial court’s decision to allow
Driggers and Schwab to testify was outside the zone of reasonable
disagreement.  Therefore, there was no
abuse of discretion.  We overrule
Appellant’s fourth issue.








 

Disposition

            We affirm the judgment of the trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered March 19, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

                                                                                                                

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)