# NO. 12-07-00317-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK ANTHONY BROWN, APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mark Anthony Brown appeals his conviction for injury to a child. In one issue, Appellant argues that his conviction was supported by factually insufficient evidence. We affirm.

### BACKGROUND

At approximately 10:00 p.m. on August 15, 2005, a violent dispute erupted between Appellant and Felicia Flemmons. At the time, Appellant and Flemmons had an ongoing nonmarital sexual relationship, and it was not unusual for Appellant to sleep at Flemmons's residence. During the dispute, Appellant physically assaulted Flemmons and also injured K.K., Flemmons's thirteen year old son, by striking him in the head with a cowboy boot.

Appellant was arrested and charged by indictment with injury to a child. The jury found Appellant guilty, and the trial court assessed his punishment as imprisonment for two years, probated for four years, and a $500 fine. This appeal followed.

### FACTUAL SUFFICIENCY

In his sole issue, Appellant contends that the evidence was not factually sufficient to support his conviction for injury to a child. More specifically, Appellant argues that the State's evidence was factually insufficient to support a finding that Appellant struck K.K. with a boot. As limited by the indictment, the State had to prove that Appellant caused bodily injury to K.K., a child fourteen years

of age or younger, by striking K.K. with a boot. *See* Tex. Penal Code Ann. § 22.04(a)(3) (Vernon 2003) (setting forth the pertinent elements of the alleged offense).

**Standard of Review**

In conducting a factual sufficiency review of the evidence, we consider all of the evidence weighed by the jury that tends to prove the existence of the fact in dispute and compare it to the evidence that tends to disprove that fact. *See **Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust." ***Ortiz v. State***, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." ***Zuniga v. State***, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).

Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, *see **Clewis v. State***, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. ***Santellan***, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. ***Dudley v. State***, 205 S.W.3d 82, 89 (Tex. App. –Tyler 2006, no pet.). We cannot declare that a conflict in the evidence renders the evidence factually insufficient simply because we disagree with the jury's resolution of the conflict. *See **Watson v. State***, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). A successful factual sufficiency challenge will result in a reversal of the conviction challenged and remand of the case for a new trial. *See **id.*** at 414.

**Discussion**

The State presented evidence from four witnesses at trial, Flemmons, K.K., and two members of the Lufkin Police Department, Officer Brandon Johnson and Communications Supervisor Keith Bickley. In addition, the State introduced as exhibits pictures taken of K.K.'s head after the incident and a recording of Flemmons's telephone call to the police. Appellant testified, but presented no other witnesses and introduced no exhibits.

K.K. testified that he was awakened by the argument between Appellant and Flemmons.

2

K.K. entered the living room and told Appellant to leave the residence. He stated that Appellant hit him in the head with a cowboy boot and that the blow resulted in a knot on his head, which hurt. Flemmons testified that K.K. was awakened and entered the living room. According to her, K.K. stepped between her and Appellant. She stated that Appellant hit K.K. in the head with a cowboy boot and that a knot resulted on K.K.'s head.

Officer Johnson testified that he observed and photographed a knot on K.K.'s head. The pictures were also entered into evidence. He further testified that, when the police apprehended Appellant that night, he had "boots with him." Finally, Supervisor Bickley testified as to the accuracy of the telephone recording of Flemmons, which was admitted into evidence. That recording was consistent with Flemmons's testimony.

Appellant testified as the sole witness for the defense. He stated that he had been forced out of the home by Flemmons, K.K., and Flemmons's daughter. According to Appellant, once this forcing out began, he retreated and ran away. He denied ever striking K.K. with a cowboy boot, but admitted that he owned boots similar to the ones described.

It was uncontroverted that Appellant owned a pair of cowboy boots. K.K. and Flemmons both testified that Appellant struck K.K. with a cowboy boot and that K.K. suffered an injury in the form of a knot on his head. The injury was verified by the testimony of Officer Johnson, who observed the knot and photographed it. The only directly contrary evidence was the testimony of Appellant, who offered no explanation for how K.K. was injured.

Appellant argues that the overall picture painted by the evidence is that Flemmons fabricated the allegations against him and that K.K. was merely "supporting his mother's self-interested account of events." According to Appellant, the testimony of Flemmons showed the bias resulting in her allegations against Appellant (for instance, her admission that, on a previous occasion, she had attacked Appellant with a knife) and was more elaborate than K.K.'s, showing K.K.'s reluctance to testify to a story he knew to be false. Appellant also points out what he perceives as an inconsistency in the testimonies of Flemmons and K.K. Specifically, Appellant points out that Flemmons testified K.K. stepped between her and Appellant, but K.K. testified only that he was in the room and told Appellant to leave. Finally, Appellant argues he had no reason to strike K.K. because he was leaving and K.K. was "merely standing there."

3

Our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Dudley*, 205 S.W.3d at 89. K.K.'s testimony does not, as a cold record, show any reluctance to testify. Instead, his testimony appears indicative of a young and inarticulate boy who was nervous because he had to testify in court. Based upon our review of the record, we conclude that Appellant's arguments are not sufficient to undermine the jury verdict based upon the testimony of K.K., Flemmons, and Officer Johnson. *See Santellan*, 939 S.W.2d at 164; *Dudley*, 205 S.W.3d at 89.

After considering all of the evidence, we hold that the evidence supporting guilt was not so obviously weak, or the contrary evidence so strong, as to render the conviction clearly wrong and manifestly unjust. Therefore, the evidence was factually sufficient to support Appellant's conviction. *See Ortiz*, 93 S.W.3d at 87. We overrule Appellant's sole issue.

## DISPOSITION

We *affirm* the judgment of the trial court.

                                                    **JAMES T. WORTHEN**
                                                      Chief Justice

Opinion delivered June 25, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)