NO









NO. 12-09-00309-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

TRACEY ESCUE,

APPELLANT                                                     '     APPEAL
FROM THE 159TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANGELINA
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Tracey
Escue appeals his conviction for two counts of intoxication assault.  Appellant
raises six issues on appeal.  We affirm.

 

Background

            Appellant
was charged by indictment with two counts of intoxication assault.  Appellant
pleaded not guilty to both counts.  After a bench trial on guilt, the trial
court found Appellant guilty of the charged offenses.  The trial court
subsequently assessed Appellant’s punishment at six years of imprisonment for
each count.  Appellant filed a motion for new trial, which was denied by
operation of law.  This appeal followed.

 

Evidentiary Sufficiency

            In
his first, second, third, and fourth issues, Appellant challenges the legal and
factual sufficiency of the evidence that his victims suffered serious bodily
injury.

Standard of Review

            Evidence
is legally insufficient when an appellate court, viewing the evidence in the
light most favorable to the judgment, determines that a rational trier of fact
could not have found the essential elements of the offense beyond a reasonable
doubt. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App.
1993) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979)).  We must bear in mind that the factfinder
is the exclusive judge of the credibility of witnesses and of the weight to be
given their testimony.  See Barnes v. State, 876 S.W.2d
316, 321 (Tex. Crim. App. 1994).  The factfinder is entitled to draw reasonable
inferences from the evidence. See Dudley v. State, 205
S.W.3d 82, 86-87 (Tex. App.—Tyler 2006, no pet.).  Likewise, the reconciliation
of conflicts in the evidence is within the exclusive province of the
factfinder.  See Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986). 

            Evidence
is factually insufficient “only if the evidence supporting guilt is so
obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and manifestly
unjust.”  Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App.
2002).  A clearly wrong and manifestly unjust verdict occurs where the finding
of guilt “shocks the conscience” or “clearly demonstrates bias.”  Zuniga
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  In conducting a
factual sufficiency review of the evidence, we consider all of the evidence
weighed by the factfinder that tends to prove the existence of the fact in
dispute and compare it to the evidence that tends to disprove that fact.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
Although we are authorized to disagree with the factfinder’s determination,
even if probative evidence exists that supports the determination, see Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation
should not substantially intrude upon the factfinder’s role as the sole judge
of the weight and credibility of witness testimony.  See Santellan,
939 S.W.2d at 164.  Where there is conflicting evidence, the factfinder’s
determination on such matters is generally regarded as conclusive.  See Dudley,
205 S.W.3d at 89. 

Discussion

            The
two counts against Appellant respectively involved two victims, Jennifer Morgan
and Laurie Sayre.  It is uncontested that Appellant drove his car into an
ambulance, causing injuries to Morgan and Sayre, employees of the ambulance
service.  However, Appellant challenges the sufficiency of the evidence that
Morgan and Sayre suffered serious bodily injury, as required under the
intoxication assault statute.  See Tex.
Penal Code Ann. § 49.07(b) (Vernon Supp. 2009).  According to the statute,
“serious bodily injury” means “injury that creates a substantial risk of death
or that causes serious permanent disfigurement or protracted loss or impairment
of the function of any bodily member or organ.” Id.

            Morgan

            At
trial, Morgan testified as to her injuries.  The State also introduced medical
records from her initial treatment following the wreck.  Morgan testified that
she was first diagnosed with a cut finger and a sprained shoulder.  As a
result, she missed fourteen days of work.  She was subsequently diagnosed with
six bulging discs in her neck and back.  She was eventually forced to cease
work as an emergency medical technician because she was no longer able to
endure the lifting requirements.  At the time of trial, almost three years after
the wreck, she still had trouble sleeping and laying down and was unable to sit
for more than thirty-five to forty-five minutes at a time.  And, while
standing, her arms and feet still tended to lose feeling.  Appellant points out
that the medical records from Morgan’s initial treatment contradict her
testimony regarding the extent of her injuries.  However, we note that Morgan’s
injuries appear from the evidence to have progressively worsened after the
wreck.

            Sayre

            Sayre
also testified as to her injuries, and the State introduced medical records
from her initial treatment.  Sayre testified that she suffered a broken finger,
a separated shoulder, and a pinched nerve in her back.  As a result of the
shoulder injury, she required two months of physical therapy.  She testified
that she still suffered from shoulder problems despite the therapy.  The broken
finger healed after two weeks.  But as a result of the pinched nerve, she
continues, almost three years later, to have numbness in three fingers in one hand. 
Sayre also suffers from continuing back and shoulder pain, requiring
medication.  As a result of her injuries, she was unable to maintain employment
as a paramedic because she could not perform the lifting requirements.  As with
Morgan, Appellant points out that the medical records from Sayre’s initial
treatment contradict her testimony regarding the extent of her injuries. 
However, we note that Sayre’s injuries appear from the evidence to have
progressively worsened after the wreck.

Conclusion

            Viewing
the evidence in the light most favorable to the judgment, and giving due
deference to the factfinder, we hold that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See
Johnson, 871 S.W.2d at 186.  Further, after considering all of
the evidence, we hold that the evidence supporting guilt was not so obviously
weak, or the contrary evidence so strong, as to render the conviction clearly
wrong or manifestly unjust.  See Ortiz, 93 S.W.3d at 87. 
In short, the evidence was legally and factually sufficient for the trial court
to find that Morgan and Sayre suffered an “injury that creates a substantial
risk of death or that causes serious permanent disfigurement or protracted loss
or impairment of the function of any bodily member or organ.”  See Tex. Penal Code Ann. § 49.07(b). 
Therefore, we overrule Appellant’s first, second, third, and fourth issues.

 

Chain of Custody

            In
his fifth issue, Appellant asserts that “the trial court abused its discretion
in overruling the chain of custody objection and admitting State’s Exhibit
Number 6 into evidence.”  Exhibit 6 is a blood sample analysis report, showing
that the sample contained .11 grams of alcohol per 100 milliliters.  At trial,
the officer who witnessed the blood being drawn testified that he did not
remember what the test subject from whom the blood was drawn looked like. 
Consequently, the officer was unable to identify Appellant as the person from
whom the blood was drawn.  Therefore, Appellant complains that, “[i]n the
present case, the State did not meet the threshold requirement of proving the
beginning of the chain of custody.”

Standard of Review

            An
appellate court reviewing a trial court’s ruling on the admissibility of
evidence must utilize an abuse of discretion standard of review.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  “In other words,
the appellate court must uphold the trial court’s ruling if it was within the
zone of reasonable disagreement.”  Id.  In addition, the
appellate court must review the trial court’s ruling in light of what was
before the trial court at the time the ruling was made.  Id.

Discussion

            The
State offered Exhibit 6 after the testimony of Trooper Robert Johnson of the
Texas Department of Public Safety (“DPS”).  Trooper Johnson testified that he was
instructed by DPS Communications to travel to East Texas Medical Center
(“ETMC”) in Tyler, Texas in order for a blood sample to be collected from
Appellant.  He stated that he arrived at ETMC and asked the staff to identify
“Tracey Escue.”  A staff member pointed him to an individual.  While Trooper
Johnson watched, blood was drawn from that individual.  Trooper Johnson took
possession of the blood sample, did the appropriate “paperwork,” and delivered
the sample to the crime lab.  Trooper Johnson testified that he could not
remember what the individual from whom the blood was drawn looked like.  And
the evidence before the trial court reflected that the initial investigating
officer, Trooper Randall Noe, had understood that Appellant had been
transported to Mother Frances Hospital in Tyler, not ETMC.  Trooper Noe’s
report indicated that the sample had been received by Trooper Johnson at Mother
Frances.  But Trooper Johnson explained this confusion in his testimony.  He
stated that Trooper Noe’s report was simply incorrect.  Likewise, he stated
that he had been instructed by DPS Communications to go to ETMC and that it was
not uncommon for medical helicopters to transport an injured person to a
different hospital than initially planned.  Therefore, it was possible to
conclude from the evidence before the trial court that Trooper Noe had thought
the helicopter was going to Mother Frances, but that a change of plans had
occurred.  It was also possible to conclude that Trooper Noe then prepared his
report without realizing that the report reflected the wrong hospital.

            In
light of the evidence before us, we cannot say that there was insufficient
evidence that the blood was drawn from Appellant so as to require exclusion.  See
Dansby v. State, No. 12-93-00061-CR, 1995 WL 498725, at *4-5 (Tex.
App.—Tyler Aug. 23, 1995) (not designated for publication), rev’d on other
grounds, 931 S.W.2d 297 (Tex. Crim. App. 1996) (reaching a similar
conclusion).  Therefore, we overrule Appellant’s fifth issue.

 

Ineffective Assistance of Counsel

            In
his sixth issue, Appellant argues that trial counsel was ineffective because he
failed to seek to examine the forensic scientist who prepared the report
labeled Exhibit 6.

Standard of Review

            The
standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),
and is applicable to this appeal.  See Hernandez v. State,
726 S.W.2d 53, 54-57 (Tex. Crim. App. 1986).  To prevail on a claim of
ineffective assistance, an appellant must show that his attorney’s
representation fell below the standard of prevailing professional norms, and
that there is a reasonable probability that, but for the attorney’s deficiency,
the result of the trial would have been different.  Strickland,
466 U.S. at 687-88, 694, 104 S. Ct. at 2064-65, 2068.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Id.,
466 U.S. at 694, 104 S. Ct. at 2068.

            “[A]
defendant need not show that counsel’s deficient conduct more likely than not
altered the outcome in the case.”  Id., 466 U.S. at 693, 104 S.
Ct. at 2052; see Pennington v. State, 768 S.W.2d 740, 741
(Tex. App.—Tyler 1988, no pet.).  The Supreme Court “found this ‘outcome
determinative’ standard . . . too heavy a burden on defendants, and that its
use was not appropriate.”  Nealy v. Cabana, 764 F.2d 1173, 1178
(5th Cir. 1985) (citing Strickland, [466 U.S. at 693-95], 104 S.
Ct. at 2068-69).  Instead, “[t]he result of a proceeding can be rendered
unreliable . . . even if the errors of counsel cannot be shown by a
preponderance of the evidence to have determined the outcome.”[1]
Strickland, 466 U.S. at 693, 104 S. Ct. at 2052; see Doherty
v. State, 781 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1989, no
pet.).

            Our
review of counsel’s representation is highly deferential; we indulge a strong
presumption that counsel’s conduct falls within a wide range of reasonable
representation.  Strickland, 466 U.S. at 689, 104 S. Ct. at
2065.  This court will not second guess through hindsight the strategy of
counsel at trial, nor will the fact that another attorney might have pursued a
different course, without more, support a finding of ineffectiveness.  See
id. But see Ex parte Duffy, 607 S.W.2d 507,
526 (Tex. Crim. App. 1980) (“Surely at some point ‘tactic’ becomes an
unsatisfactory justification for ineptness.  And where silence which results in
waiver of potentially reversible error in almost all respects cannot be
explained by the practitioner, we are not warranted in excusing his major
derelictions.”).  Further, a reviewing court will not find ineffectiveness by
isolating any portion of counsel’s representation, but will judge the claim
based on the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

Discussion

            Trial
counsel did not require the State to present a forensic scientist in support of
Exhibit 6.  Instead, counsel sought to exclude the exhibit based upon chain of
custody issues.  Appellant asserts that trial counsel should have also required
the State to present a sponsoring scientist for the exhibit, thereby allowing
for examination of that witness.  However, despite raising this matter in a
motion for new trial and securing a hearing, Appellant failed to present
testimony from such a witness.  And, without more, trial counsel’s conduct
shows nothing.  See King v. State, 649 S.W.2d 42, 44 (Tex.
Crim. App. 1983) (“Counsel’s failure to call witnesses at the guilt-innocence
and punishment stages is irrelevant absent a showing that such witnesses were
available and appellant would benefit from their testimony.”).  As such, we
cannot determine whether Appellant was prejudiced by trial counsel’s failure. 
We overrule Appellant’s sixth issue.

 

Disposition

            We affirm the judgment of the
trial court.

 

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered August 31, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                [1]
Generally, an appellant bears the burden of proving, “by a preponderance of the
evidence,” that counsel was ineffective.  See, e.g., Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  However, no such showing may be
required to prove the prejudice prong of Strickland – “that there
is a reasonable probability that, but for the attorney’s deficiency, the result
of the trial would have been different.”  Strickland, 466 U.S. at
693, 104 S. Ct. at 2052 (“[A] defendant need not show that counsel’s deficient
conduct more likely than not altered the outcome in the case.”); see Holland
v. Jackson, 542 U.S. 649, 654-55, 124 S. Ct. 2736, 2738-39, 159 L. Ed. 2d
683 (2004).  Therefore, appellate courts should not require a preponderance of
the evidence in support of Strickland’s prejudice prong.  However,
in relation to the first prong of Strickland, the unreasonable
deficiency prong, appellate courts should require a preponderance of the
evidence.